THE TRUSTEES of the Illinois and Michigan Canal *et al.*, Pltffs in Error, *v.* THE CITY OF CHICAGO, Defts in Error.

ERROR TO COOK.

It is error, in a proceeding for opening a street in the city of Chicago, to include the costs in the assessment.

The real estate, belonging to the Trustees of the Illinois and Michigan Canal, is liable to assessments, for opening streets and other improvements of a like character.

Assessments for improvements, are not a charge upon an estate which reduces its value, and are distinguishable from taxes

The State cannot now be considered as the owner of the Canal lands, the trustees are invested with the legal title, but the State has such a beneficial interest in the Canal and Canal property, as may give her the right to insist that the trustees shall faithfully execute the purposes of the trust.

This was a proceeding by petition, on the part of the city of Chicago, for the purpose of widening an alley, into a street eighty feet in width. The prayer of the petition was allowed and commissioners were named to examine and report upon the necessity of the appropriation, the value of the land to be condemned, and the injury to the owner or owners thereof, and to assess and apportion the damages and expenses of the improvement on real

estate, which they might deem benefited thereby, apportioning injury and benefits, &c. A portion of the property claimed by the Canal Trustees, was included in the assessment of the commissioners.

At the May term, 1849, Dickey, Judge, presiding, the report of the commissioners, recommending the enlargement of the alley, and including the assessments for improvements, &c., was accepted, and the order for enlarging the street was entered of record. The costs of assessing, &c., were included in the report, which was confirmed. Several errors were assigned, which are not noticed in the opinion of the Court.

The errors discussed by the Court are, that the costs of the proceeding, consisting of attorneys', clerks' fees, &c., were assessed upon the property in violation of law. The Canal Trustees assign for error, that the canal lots and lands are by law exempt from taxes and assessments, and the proceeding against them was therefore illegal and void.

I. N. ARNOLD, for Pltffs in Error.

S. S. HAYES, for Deft in Error.

We concede that the judgment of the Court below must be reversed, for the reason that the costs of the proceeding are included with the expenses of the improvement, that being the point decided in Morris *v.* Chicago, 11 Illinois R., 650.

We desire, however, a decision on the question of the liability of canal lands to be assessed for local improvements.

The general power is given the city to assess on *all* the property benefited. Chicago Incorporation Act, 1837, §38.

The Canal Trustees are a corporation. The property of corporations is included, though not specially mentioned. 11 Wheat. R., 392; 15 Johns., 382.

The canal lands lying between North and South Water streets, are expressly exempted, showing the intention to charge the rest. Act '37, §38.

The words "of every description," give no greater extent to the word "taxation" in §13, Canal Law, '43, than it would have without. See R. S., p. 27, do. 437.

This is only an exemption from *taxes*, which are burdens im-

posed by legislative authority for the public good, not from assessments, made on real estate, of the value added to it by an improvement for local convenience and advantage. 3 Tomlin's Law Dic. Tit. Tax; Matter of Corporation of New York, 11 Johns., 77; Bleecker *v.* Ballou, 3 Wend., 263; Sharp *et al. v.* Speir, 4 Hill's R., 76; Northern Liberties *v.* St. John's Church, 13 Penn. State R., 105; Ross *v.* Mayor of New York, 3 Wend., 333.

There is nothing in the nature and objects of the incorporation, in the fact that the State is remotely interested, to distinguish the present case. The fee simple is not in the State.

It does not alter the case, that the State has a reversionary interest, instance escheats, or that she may pay off the debt and take the canal, instance any railroad charter, where this power is reserved, or (if it were so) that the means of the State may be lessened by the assessment, instance where a State is a joint owner in a bank, the property of which is taxable.

This is land belonging to a commercial corporation. Canal Law, '43, §16. As such, it is not covered by the prerogative of the State, though the State be the beneficial owner. McCulloch *v.* State of Maryland, 4 Wheaton, 316; Bank U. S. *v.* Planter's Bank of Georgia, 9 Wheaton, 904; Bank S. Carolina *v.* Gibbs, 3 McCord, 377.

TREAT, C. J. This proceeding was instituted for the purpose of opening a street in the city of Chicago. Commissioners were appointed to report as to the necessity of the measure, and the value of the ground to be appropriated; and also to assess and apportion the expenses of the improvement, against the real estate to be benefited thereby. They reported in favor of opening the street, and included in their assessment of the expenses, the costs of the proceeding, amounting to $120. The report was approved. This Court held, in the case of Morris *v.* The City of Chicago, 11 Illinois, 650, that it was error to include the costs of the proceeding in the assessment. For this error, the judgment must be reversed.

The case presents the question, whether the real estate belonging to the trustees of the Illinois and Michigan Canal is liable to assessments of this character, and, as both parties are desirous that the question may be settled, I shall proceed briefly to state the conclusions of the Court on the subject. The 13th section

of the act, by virtue of which the canal lands were granted to the trustees, declares, that "the said lands and lots shall be exempt from taxation of every description, by and under the laws of this State, until after the same shall have been sold and conveyed by the said trustees, as aforesaid." It is contended, that the assessment in question, falls within this exemption. In our opinion, the exemption must be held to apply only to taxes levied for state, county and municipal purposes. A tax is imposed for some general or public object. It is an exaction made for the purpose of carrying on the government directly, or through the medium of municipal corporations, which are but parts of the machinery employed in conducting the operations of the government. It is a charge on an estate that lessens its value. In the proportion in which the owner is required to pay, is his pecuniary ability diminished. This is the sense in which the term taxation is used and understood. A reference to two or three adjudged cases will not be inappropriate. In the matter of the Mayor of New York, 11 Johnson, 77, an exemption in favor of churches from being "taxed by any law of the State," was held to refer only to general taxes for the benefit of a town, county, or the State at large, and not to extend to special assessments on the property of churches, for benefits resulting thereto by the opening, enlarging, or improving of streets. In Bleecker *v.* Ballou, 3 Wendell, 263, a covenant on the part of a lessee to pay "all taxes" on the demised premises, was held not to embrace a special assessment for pitching and paving a street in front of the property. In the case of the Northern Liberties *v.* St. John's church, 13 Penn. State Rep., 104, a general law exempting churches "from all and every county, road, city, and school tax," was construed not to extend to an assessment for laying water pipes along the grounds of a church deemed to be benefited thereby. Those cases cannot be distinguished in principle from the one before us. The assessment in question has none of the distinctive features of a tax. It is imposed for a special purpose, and not for a general or public object. It is not a charge on the estate which reduces it in value. It substracts nothing from the means or resources of the canal. The improvement is made for the convenience of a particular district, and the property there situated is required to bear the expense in the proportion in which it is benefited. The assessment is precisely in

the ratio of the advantages accruing to the property in consequence of the improvement. It is but an equivalent or compensation for the increased value the property derives from the opening of the street.

It is insisted, however, that the canal lands are to be regarded as the property of the state, and therefore exempt from the payment of the assessment. This position cannot be maintained. The state, for a valuable consideration, has granted these lands to the board of trustees. The latter are invested with the legal title to the lands, with the full power to alien and convey the same, and apply the proceeds to the payment of the loan of $1,600,000, made for the purpose of completing the canal, and, when that is discharged, in the extinguishment of the debts previously incurred in the construction of the canal. The State cannot now be considered as the owner of the lands. She cannot resume the grant, without the payment of the indebtedness, for which the canal and its resources stand pledged. Until this indebtedness is discharged, the property is beyond the control of the State. She has, indeed, a beneficial interest in the canal and canal property, and in its management by the trustees; and that interest may give her the right to insist that the trustees shall faithfully carry out the purposes of the trust. But her rights of property are subordinate to those of the trustees, and the subscribers to the loan.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*