COUNTY OF McLEAN

*v.*

CITY OF BLOOMINGTON.

*Filed at Springfield March 29, 1883.*

1.  SPECIAL ASSESSMENTS—*exemption—liability of property of counties, cities, etc.*    Exemption from taxation does not exempt from special assessments.    The constitution makes a distinction between taxation and such assessments.    While it provides that the General Assembly may exempt the property of the State, counties and other municipalities from the former, it makes no such provision as to the latter, but on the contrary authorizes the

14—106 ILL.

legislature to vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessments, without any restriction as to the property to be assessed.

2. The exemption, not the inclusion of the property liable to special assessments, must specifically appear. The general language of the statute authorizing cities, etc., to make improvements by special assessments, includes the property of counties, cities, etc., as well as private property.

3. While the State may not authorize corporate authorities to levy special assessments upon the property of the United States, as it would be an invasion of the rights of a distinct sovereignty, no such reason exists as between the several agencies of the State government, which are subject to its control and direction. It may authorize a burthen to be imposed on one of its agencies to the extent it is benefited by another agency, for the benefit of the entire public.

4. SAME—*how payment enforced against property of county.* Real estate of a county can not be sold for a special assessment levied by a city for a public improvement, and the title passed to private parties or to the city. In such case the amount should be paid out of the county treasury, and should this not be done, *mandamus* would lie to compel it; but before this step can be taken a judgment at law must be obtained for the amount.

5. SAME—*former decision.* In *Craw* v. *Village of Tolono*, 96 Ill. 255, holding that no personal liability could be enforced against the owner of land on account of a special assessment, but that it must be collected from the property itself, it was not intended to overrule the case of *Taylor* v. *People ex rel.* 66 Ill. 322, and hold that public property could be sold in such cases; nor was it intended to overrule *Higgins* v. *City of Chicago*, 18 Ill. 276, and *Scammon* v. *City of Chicago*, 42 Ill. 192, and hold that public property was not liable to special assessments, but it was intended only to lay down a rule in regard to the special assessment of property of private owners.

APPEAL from the County Court of McLean county; the Hon. REUBEN M. BENJAMIN, Judge, presiding.

Mr. ROBERT D. PORTER, State's Attorney, for the appellant:

A special assessment is substantially a tax. The right to make it rests on the same principle, and the mode of collection is essentially the same. *Fagan* v. *Chicago*, 84 Ill. 227; *Craw* v. *Village of Tolono*, 96 id. 255; *White* v. *People*, 94 id. 604; *Harvard College* v. *Boston*, 104 Mass. 470; *Allen* v. *Drew*, 44 Vt. 175; 2 Dillon on Mun. Corp. sec. 596; Cooley's Const. Lim. 618, side page 496; Cooley on Taxation, 416; Art 9, chap. 24, "Cities," secs. 150, 153–156.

Public squares and public buildings, with ground on which they stand, not exceeding ten acres, are, by express law, exempt from taxation. Clauses 6 and 9 of sec. 2, Revenue law, chap. 120, Rev. Stat. 1874, p. 857.

Federal property is exempt from special assessment, on the same principle that it is exempt from taxation. *People* v. *United States*, 93 Ill. 30; *Fagan* v. *Chicago*, 84 id. 227.

Both Federal and county property is exempt from taxation by the same general law. (Clauses 4, 6, 9, sec. 2, Revenue law.) But by necessary implication, public buildings which are governmental agencies are exempt from special assessment and taxation. The exemption is implied in every constitution, though not expressed in words in the instrument. *People* v. *McCreery*, 34 Cal. 432; *People* v. *Austin*, 47 id. 353; *Fagan* v. *Chicago*, 84 Ill. 227; *People* v. *United States*, 93 id. 30; *Directors of Poor* v. *School Directors*, 42 Pa. St. 21; *Louisville* v. *Commonwealth*, 1 Duval, (Ky.) 295; *People* v. *Doe*, 36 Cal. 220; *People* v. *Salamon*, 51 Ill. 30; Cooley on Taxation, 59–130; *Nashville* v. *Bank of Tennessee*, 1 Swan, 269; *Piper* v. *Sanger*, 4 S. & R. 354; *Worcester County* v. *Worcester City*, 116 Mass. 193; *Hartford* v. *West Middle District*, 45 Conn. 462.

The only mode provided by law for the collection of special assessments is by sale of the property. The sale of the court house would interfere with the State's and county's instrument of governing, and is therefore impliedly forbidden by the constitution. Gen. Incorp. act, art. 9, secs. 153–156, p. 238; *Worcester County* v. *Worcester City*, 116 Mass. 193; *Fagan* v. *Chicago*, 84 Ill. 227; *Taylor* v. *People*, 66 id. 322; *People* v. *United States*, 93 id. 30; *Craw* v. *Village of Tolono*, 96 id. 255.

The only legal method of selling county property is by action of the county board. Secs. 23, 24, chap. 34, "Counties," Rev. Stat. p. 306; Sec. 16, chap. 30, "Conveyances," Rev. Stat. p. 238.

To make the special assessment act apply to counties, would make the act conflict with section 10 of article 9 of the constitution of 1870.

This judgment purporting to be *in personam* can not stand. The only judgment authorized is *in rem*, and that is the only judgment where collection can be enforced. Sec. 148, art. 9, chap. 24, "Cities," Rev. Stat. 237; *Butler* v. *Nevin*, 88 Ill. 575; *Craw* v. *Village of Tolono*, 96 id. 255; *Worcester County* v. *Worcester City*, 116 Mass. 193.

Mr. JOHN T. LILLARD, for the appellee:

The judgment is not a personal judgment against the county, but against the lot owned by the county. The words, "recover of McLean county, owner, lot 39, original town of Bloomington, $180," can not be construed as a judgment *in personam*. But no sufficient reason exists why a special assessment on lands should not be made a personal charge against the owner, if he is a resident, and has an opportunity to be heard. Cooley on Taxation, 471; *Craw* v. *Village of Tolono*, 96 Ill. 255.

There is no exemption of any property from taxation or assessment except by statute,—and there is no statute on our books exempting, by general or other law, county property from special assessments. Therefore, "by necessary implication, such property is liable to special assessment." *Cook County* v. *Chicago*, 103 Ill. 646.

Nor does our constitution provide that an exemption from special assessments may or can be made. Art. 9, sec. 3, "Exemptions," const. 1870.

The legislature, in pursuance of the constitution, has, by general law, exempted county property from taxation, but special assessment is not taxation. *Cook County* v. *Chicago*, 103 Ill. 646; *Higgins* v. *City of Chicago*, 18 id. 276; *Chicago* v. *Colby*, 20 id. 614; *City of Peoria* v. *Kidder*, 26 id. 352; *Wright* v. *City of Chicago*, 46 id. 44; *Nix* v. *Post*, 57 id. 121;

Cooley on Taxation, 146; *Canal Trustees* v. *City of Chicago*, 12 Ill. 405.

Mr. Justice Scholfield delivered the opinion of the Court:

This is an appeal from a judgment rendered against the court house square of the county of McLean, in favor of the city of Bloomington, upon a special assessment for the improvement of adjacent streets.

The objections urged may be included under three heads: First, the property is exempt from special assessments; second, the statute under which the city is proceeding does not authorize any assessment against property of the county; third, the judgment can not be enforced by sale of the property, and no other mode of enforcing the payment of such judgment can be resorted to.

It is not claimed the first objection has the direct sanction of the statute in its support, but the contention is, such property is expressly exempt from *taxation,* and *special assessments* are included within the meaning of the word *taxation.* We have been too long and too firmly committed to the doctrine that exemption from taxation does not exempt from special assessments, to now admit that it is even debatable. *Trustees et al.* v. *City of Chicago,* 12 Ill. 403; *Higgins* v. *City of Chicago,* 18 id. 276; *City of Chicago* v. *Colby,* 20 id. 614; *City of Peoria* v. *Kidder,* 26 id. 352; *Wright* v. *City of Chicago,* 46 id. 44; *Nix* v. *Post,* 57 id. 121. The distinction between *taxation* and *special assessment* is, also, clearly made in our present constitution, (secs. 1–5, 9, art. 9,) and while providing that the General Assembly may exempt the property of the State, counties and other municipal corporations from the former, (section 3, *supra,*) makes no such provision in regard to the latter, but on the contrary, by section 9, *supra,* authorizes the General Assembly to "vest the corporate authorities of cities, towns and villages with power to

make local improvements by special assessments," without any restriction as to the property to be assessed.

The second objection rests entirely upon the assumption that to include the property of counties it should be expressly named,—that language, however comprehensive, in general terms only, is not sufficient. The rule held by this court is directly the reverse of this assumption. The exemption, not the inclusion, must specifically appear. General language, like that under which the city is proceeding, includes the property of counties, cities, etc., as well as private property. *Higgins* v. *City of Chicago, supra; Scammon* v. *City of Chicago,* 42 Ill. 192; *Cook County* v. *City of Chicago,* 103 id. 646.

There is not the slightest analogy between *Fagan* v. *City of Chicago,* 84 Ill. 227, and *The People* v. *United States of America,* 93 id. 30, cited by counsel for appellant. There the question related to the right of one sovereignty to invade another. The relation between cities and villages and counties is totally unlike that between the government of the State and the general government of the United States. Cities, villages and counties are mere agencies of the State, by and through which to conveniently administer local government. In the absence of express constitutional restraint the General Assembly might abolish them, one or all, and substitute other and entirely different agencies in their stead. We have repeatedly held, that although the fee of streets is in the city, she has no private property in them, but holds them in trust for the use of the public,—not the citizens of the city alone, but the entire public, of which the legislature is the representative. (*Chicago* v. *Rumsey,* 87 Ill. 355; *The People ex rel.* v. *Walsh et al.* 96 id. 232; *City of Chicago* v. *Union Building Association,* 102 id. 379.) So here, instead of one sovereignty invading another, as in the cases referred to, we have the General Assembly simply authorizing that property held by one of its agencies shall be burdened with a charge for the benefit of another of its agencies to the extent

it has been benefited by that agency, in regard to a matter in which the citizens and property owners within the territorial limits of such last named agency have no exclusive interest, but only an interest in common with the entire public. The question relates purely to the right of the State to apportion a public burden upon public, in common with private, property, in proportion to the benefits conferred upon that property, and in nowise involves any questions of conflicting sovereignties.

The remaining objection, we think, involves no serious difficulty, though, at first blush, it may seem to do so. We certainly do not hold the court house square may be sold and the title passed to private parties, or to the city. In *Taylor* v. *The People ex rel.* 66 Ill. 322, we held, explaining *Scammon* v. *The City of Chicago, supra,* that in such cases the amount should be paid out of the treasury. Should this not be done, *mandamus* would lie to compel it. (*City of Olney* v. *Harvey,* 50 Ill. 453.) And it seems that the judgment at law must precede the *mandamus,* the latter being in the nature of process of execution of the former. *The People ex rel.* v. *Board of Supervisors,* 50 Ill. 213.

Finally, reference is made to *Craw* v. *Village of Tolono,* 96 Ill. 255, in which we held no personal charge can be enforced against the owner on account of a special assessment, but it must be collected from the property itself. It was not intended in that case to overrule *Taylor* v. *The People ex rel. supra,* and to hold that public property can and must be sold in such cases. Nor was it intended to overrule *Higgins* v. *City of Chicago,* and *Scammon* v. *City of Chicago, supra,* and hold that public property is not liable to special assessments, but it was simply intended to lay down a rule in regard to the special assessment of property of private owners. Undoubtedly, the principle will equally protect the public owner from being charged in this way more than the value of its property,—but as that is not claimed to have been done here,

it is not necessary to discuss the mode by which to interpose such defence.

Some objection is taken to the form of the judgment, but this we regard as of no moment. No execution can issue upon the judgment, nor can the court house square be sold by virtue of it. If it shall not be paid without coercion, that coercion must be by *mandamus* against those who properly represent the county, and are derelict in the performance of their duty in that regard.

The judgment is affirmed.

*Judgment affirmed.*