The Illinois Central Railroad Company

*v.*

The City of Decatur.

*Filed at Springfield September 27, 1888.*

Exemption from taxation.—*Illinois Central Railroad Company—whether exempt from special assessments or special taxation for local improvements.* The provision in the charter of the Illinois Central Railroad Company exempting it from all taxation of every kind except as therein provided, has no application to special assessments or special taxation of contiguous property for local improvements. As affecting this question, there is no difference between a special assessment and special taxation of contiguous property, neither being included within the meaning of the general word "taxation."

Appeal from the County Court of Macon county; the Hon. William E. Nelson, Judge, presiding.

Messrs. Outen & Vail, for the appellant:

The exemption in appellant's charter is a contract which can not be annulled except by consent of both contracting parties. *Railroad Co.* v. *McLean County*, 17 Ill. 291; *Neustadt* v. *Railroad Co.* 31 id. 484.

The statute has defined the words "tax" and "taxes," as used in the Revenue law, as "any tax, special assessments or costs, interest or penalty" imposed upon property. Revenue act, 14th clause of sec. 292.

All special assessments or special taxation is based upon the taxing power, and can only be sustained under the power to tax. Cooley on Taxation, 430; *White* v. *People*, 94 Ill. 611.

Special taxation is a different form of assessment from a special assessment. *McLean County* v. *Bloomington*, 106 Ill. 213; *Chicago* v. *Larned*, 34 id. 203; *Ottawa* v. *Spencer*, 40 id. 211; *People* v. *Trustees of Schools*, 118 id. 52; *Galesburg* v. *Searles*, 114 id. 217; *City of Sterling* v. *Galt*, 117 id. 18.

Mr. I. R. MILLS, for the appellee:

The law upon the question of local improvements, and the authority to provide for their payment, by the city, by special taxation of abutting property, according to frontage, is now so well established that we only need to refer to a few of the recent decisions of this court: *White* v. *People*, 94 Ill. 607; *Enos* v. *City of Springfield*, 113 id. 65; *Galesburg* v. *Searles*, 114 id. 217; *Watson* v. *Chicago*, 115 id. 78; *Springfield* v. *Green*, 120 id. 269.

The only question that is seriously urged by counsel for the appellant is, that the charter of the Illinois Central Railroad Company relieves it from the burden of contributing to the expense or cost of these local improvements, and that this charter relieves it from the operation of this provision of our constitution and statute.

By this provision of our constitution and statute two methods are provided for,—one by special assessment, and the other by special taxation; and while it is half way admitted that if the former method had been resorted to in this case, this objection would not hold good, yet as the latter method was adopted, it falls within the provisions of their charter.

It is substantially conceded that the company is not relieved from special assessments, which are based on a benefit received. The same reason applies to special taxation.

*First*—The power to pay for local improvements by special taxation is derived from the same provisions of the constitution and statute. Const., art. 9, sec. 9; Rev. Stat. sec. 1, art. 9, chap. 24.

*Second*—The object and purpose of both are the same, to-wit, the payment for a local improvement.

*Third*—They are both based upon the theory of a supposed or presumed benefit to the property equal to the assessment or tax, the only difference being in the method resorted to in order to fix or determine the amount of the benefit. In the one case it is fixed by commissioners, subject to be reviewed by a jury,

while in the other it is fixed by the city council. In support of this proposition, we refer the court to the authorities cited above, including the case of *City of Sterling* v. *Galt*, 117 Ill. 11.

Mr. Justice Magruder delivered the opinion of the Court:

This is an appeal from a judgment of the County Court of Macon County, confirming a special tax assessed by three commissioners for the purpose of paving East Wood street in the City of Decatur, and charged against a portion of the right of way of the Illinois Central Railroad abutting upon said street and contiguous thereto. Upon the return of the assessment roll, appellant appeared in the County Court and filed objections, which were overruled.

The city council of Decatur, on June 8, 1887, passed an ordinance for the paving of said street, which was declared to be a local improvement, and therein provided, that the cost of paving the street and alley intersections and crossings should be paid out of the general taxes, and that the remainder of the cost of said improvement should be paid for by special taxation upon the lots, parts of lots and parcels of land abutting upon said street on both sides thereof along the line of the improvement in proportion to the frontage thereof upon the street. A committee of three persons was appointed by the ordinance to make an estimate of the cost of the improvement and report the same to the council. On June 20, 1887, the committee made a report of the estimate of the cost of the improvement, exclusive of the cost of street and alley intersections and crossings, and also showing the cost of such street and alley intersections and crossings, which report was approved by the council on the same day. A petition was then filed in the county court, containing copies of the ordinance and of the report, and praying that commissioners be appointed, and that the cost of the improvement be levied and assessed, as provided in the ordinance and as required by the law in such cases. The court, upon an examination of the petition, ordinance and

report, appointed three commissioners to make the levy and assessment for the improvement in the manner prescribed by the ordinance and by the law in such cases, and to make report as required by law. The commissioners so appointed to make the special tax levy, reported to the court a special tax roll, certifying to its correctness and giving therein the names of the owners, the description of the lots or parcels of land abutting on the line of the improvement, the number of feet frontage thereof and the amount of special tax levied against each of such lots or parcels of land. Due notice was given that the city council had applied to the County Court for the levy and assessment of the cost of said improvement, except street and alley intersections and crossings, upon the abutting property according to frontage, and that there would be a hearing of the assessment made and returned to Court at the February Term 1888. Upon the hearing, the objections to the assessment roll returned to the Court were overruled, and the assessment as made and returned was confirmed.

The main objection made by the appellant company is, that, by the terms of its charter, its property is exempt from the special tax thus imposed. By section 22 of the act incorporating the Illinois Central Railroad Company, approved February 10, 1851, it is provided that "the said corporation is hereby exempted from all taxation of every kind except as herein provided for," etc., (Session Laws 1851, page 71; Hurd's Rev. Stat. 1885, page 1043, or secs. 305 and 306 of Revenue Act.)

It has many times been held by this court "that exemption from taxation does not exempt from special assessments." (*County of McLean* v. *City of Bloomington*, 106 Ill. 209, and cases there cited.) Therefore, if the improvement in the present case had been made by special assessment, appellant's property would not be relieved, by the exemption of its charter, from its just proportion of the burden of such assessment. Is there any such difference between *special assessment* and *special taxation of contiguous property*, as those terms are used

in section 9 of article 9 of our constitution, that the general word *taxation* should be held to include the latter and not the former? It is the settled doctrine of this Court, that special assessments are not included within the meaning of the word *taxation.* The question presented for our consideration is whether the same doctrine should also be applied to *special taxation of contiguous property.*

The 13th section of the act, by which the canal lands were granted to the trustees of the Illinois and Michigan Canal, contains the following provision: "the said lands and lots shall be *exempt from taxation of every description,* by and under the laws of this state, until after the same shall have been sold and conveyed by the said trustees as aforesaid." In *Canal Trustees et al.* v. *The City of Chicago,* 12 Ill. 403, the question was whether land belonging to the Canal trustees was exempt, under this 13th section, from an assessment for opening a street in the city of Chicago, and we there said: "In our opinion, the exemption must be held to apply only to taxes levied for state, county and municipal purposes. A tax is imposed for some general or public object. It is an exaction made for the purpose of carrying on the government. * * * It is a charge on the estate that lessens its value. In the proportion, in which the owner is required to pay, is his pecuniary ability diminished. This is the sense, in which the term "*taxation*" is used and understood. * * * The assessment in question has none of the distinctive features of a tax. It is imposed for a special purpose and not for a general or public object. It is not a charge on the estate which reduces it in value. It subtracts nothing from the means or resources of the canal. The improvement is made for the convenience of a particular district, and the property there situated is required to bear the expense in the proportion in which it is benefited."

So, in *Mix* v. *Ross et al.* 57 Ill. 121, it is said: "There is a plain distinction between *taxes,* which are burdens or charges imposed upon persons or property to raise money for public

purposes, and *assessments* for city or village improvements, which are not regarded as burdens, but as an equivalent or compensation for the enhanced value which the property of the person assessed has derived from the improvement."

An application of these definitions to the case in hand will show that "special taxation of contiguous property," as provided for in the constitution, is not embraced within the meaning of an ordinary tax. "Special assessment" and "special taxation of contiguous property" are both designated in the constitution as modes or methods by which "*local improvements*" are to be made. An improvement, that is local, is for the benefit of a particular locality, or "for the convenience of a particular district." Hence a special tax on contiguous property for the purpose of making a local improvement is not "imposed for a general or public object." As the amount of such special tax is equal to the cost of the improvement to be made, the money raised thereby is spent in paying for the improvement, and, consequently, it can not be said, that it is exacted "for the purpose of carrying on the government." It is raised for a special purpose. Such a special tax of contiguous property can not be regarded as a "burden or charge imposed upon  *  *  *  property to raise money for public purposes," except that the public may indirectly be benefited by the use of a local improvement.

Moreover, a local improvement necessarily and from its very nature makes better and benefits the locality where it is made. Consequently the contiguous property, which is specially taxed for the purpose of making such improvement, receives an increase in its value, and its owner finds in such enhanced value an equivalent or compensation for the money paid in discharge of the special tax. Nothing is subtracted from his means or resources.

It is true, that there are recognized differences between a special assessment and special taxation of contiguous property, but these differences consist chiefly in the modes of procedure

7—126 Ill.

in the two cases, and in the extent and amount of benefits received, from the improvement, by the property assessed or specially taxed.   Both are based upon a supposed benefit to the property charged.

In *White* v. *People*, 94 Ill. 607, it was said:   "Whether or not the special tax exceeds the actual benefit to the lot is not material.   It may be supposed to be based on a presumed equivalent.   The city council have determined the frontage to be the proper measure of probable benefits.   That is generally considered as a very reasonable measure of benefits in the case of such an improvement, etc."

In *Craw et al.* v. *Village of Tolono et al.* 96 Ill. 255, it is said: "Special taxation, as spoken of in our constitution, is based upon the supposed benefit to the contiguous property, and differs from special assessments only in the mode of ascertaining the benefits.   In the case of special taxation, the imposition of the tax by the corporate authorities is of itself a determination that the benefits to the contiguous property will be as great as the burden of the expense of the improvement," etc.

The two cases last referred to are quoted and approved of in *Enos* v. *City of Springfield*, 113 Ill. 65.

In *City of Sterling* v. *Galt*, 117 Ill. 11, it is said, that special assessment differs from special taxation mainly in this, that the assessment can not exceed the benefits the property will derive from the improvement, and the owner of the property assessed has the right to have this question passed upon by a jury, etc., whereas, in cases of special taxation, the jury have nothing to do with the amount, which is by ordinance assessed upon contiguous property; but it is also there held, that, in case of special taxation, the whole of the burden is permitted to be imposed upon the contiguous property, upon the hypothesis that the benefits will be equal to the burden cast upon the property.

From this review, it appears that a more certain and exact equality between the benefits received and the burden imposed must be found to exist in the case of special assessment than

in the case of special taxation, and that the mode of procedure in the former is better adapted for accurately ascertaining the benefits than the method pursued in the latter. Nevertheless, in special taxation, as well as in special assessment, the property charged is supposed to receive such benefits from the improvement as will be an equivalent for the amount of the special tax.

As has already been shown, a special assessment is not embraced within the meaning of the word taxation, because the owner of the property assessed gets back the amount of his assessment in the benefits received by his property, and, therefore, does not bear the burden of a tax. For the same reason, special taxation of contiguous property can not be included within the meaning of the general word *taxation*, because the owner is compensated for the amount of the tax by the enhanced value of his property, and is not subjected to the burden implied in ordinary taxation. There certainly would be no justice in compelling the other property owners to bear the whole expense of an improvement, which confers as great an increase of value proportionally upon appellant's property as upon theirs.

We are, therefore, of the opinion that appellant's right of way was not exempt, by reason of the provision in its charter, from the special tax assessed against it.

We see no force in the objections made to the descriptions of the right of way abutting upon the north side of East Wood street and of that abutting upon the south side thereof. The descriptions designate the whole of the triangular piece south of the street, and describe a piece north thereof that has never been divided. The frontage on the street of the one is $17\frac{1}{4}$ feet and of the other $55\frac{1}{2}$ feet. The appellant can not complain that the description is not broad enough to take in all of the north piece, as this error, if it is an error, enures to appellant's benefit.

The judgment of the County Court is affirmed.

*Judgment affirmed.*