*In re* petition of City of Mt. Vernon to assess cost of local improvement, etc.

*Filed at Mt. Vernon October 27, 1893.*

1. SPECIAL TAXATION—*property of State exempt.* Property belonging to the State is not subject to special assessment or special taxation by cities and villages for making local improvements. Under section 26 of article 4 of the constitution the State can not be made a party defendant in any court of law or equity. A proceeding to confirm a special tax for a public improvement is a suit at law, although a proceeding *in rem.*

2. SAME—*land owner is a defendant.* As the owner of property sought to be specially taxed by a city is entitled to notice of the proceeding, and has the right to appear and file objections, it can not be said that he is not a defendant, merely because no judgment *in personam* can be rendered against him. When the State is called into the county court to defend a proceeding against its property, it is made a defendant in the sense contemplated by section 26 of article 4 of the constitution.

3. SAME—*judgment, how enforced against municipal corporations.* Although the property of a county or city can not be sold for a special

assessment or tax, so as to pass title to private parties, yet *mandamus* will lie to compel the payment of the amount assessed, out of the city or county treasury. But no power exists to compel the State to pay money.

4. State—*can not be sued without its consent*. The State is a sovereign, and can not be sued in its courts without its permission. It can not be made a party defendant, nor compelled to sue. Its sovereignty protects it from being coerced to prosecute or defend.

Appeal from the County Court of Jefferson county; the Hon. W. T. Pace, Judge, presiding.

Mr. Robert M. Farthing, and Mr. C. H. Patton, for the appellant:

The State is not a party defendant within the meaning of section 26 of article 4 of the constitution, because this is a proceeding *in rem,*—an application to confirm a special tax directly upon or against real estate. *People* v. *Dragstran,* 100 Ill. 286.

The statute expressly permits the city to institute this very proceeding. 1 Starr & Curtis, 261, sec. 116, art. 9, sec. 1.

The only exemption from taxation of State property is given by the fifth clause of section 2 of the Revenue law. 2 Starr & Curtis' Stat. 2027, sec. 2.

This exemption is against general taxation, and does not include special assessments or taxes for local improvements by cities and villages. *McLean County* v. *Bloomington,* 106 Ill. 213; *Trustees* v. *Chicago,* 12 id. 403; *Higgins* v. *Chicago,* 18 id. 276; *Chicago* v. *Colby,* 20 id. 614; *Peoria* v. *Kidder,* 26 id. 351; *Wright* v. *Chicago,* 46 id. 44; *Mix* v. *Ross,* 57 id. 121.

That "special taxation of contiguous property" is, equally with "special assessment," not included within the meaning of the word "taxation," and therefore that exemption from taxation does not exempt public property from "special taxes," see *Railroad Co.* v. *Decatur,* 126 Ill. 95; *County of Adams* v. *Quincy,* 130 id. 577.

Mr. George Hunt, Attorney General, for the People:

Section 26, article 4, of the constitution of this State, declares: "The State of Illinois shall never be made defendant in any court of law or equity." The county court of Jefferson county is a court of law or equity. The rendition of judgment as prayed for in that court involved making the State a defendant in said proceeding, therefore the county court of Jefferson county had no jurisdiction to render judgment.

Without the owner of the property, when known, is a party to the suit, there can be no judgment against the property.

No authority is conferred on the court to render a judgment which shall be merely advisory to the General Assembly.

The statute fixes the duty of the officers, and when the assessment is once confirmed by the county court it is the duty of the collector to proceed against the property to collect the amount of the assessment. The statute makes no provision for determining a mere equitable share of the cost of a local improvement. The statutory proceeding fixes a legal liability against the property benefited, and the law furnishes the machinery to enforce payment of that liability. The proceeding in the case at bar is not to determine a moral obligation as a mere matter of equity, but to determine a legal liability. If a legal liability that can be enforced by the courts does not exist, there is nothing to support the case.

The very purpose of the proceeding for confirmation is to give the owner of the property his day in court, and permit him to be heard in resistance of the confirmation. To this end notice is required to be given.

The proceeding would deprive the State of its property or compel it to pay the assessment. In order to accomplish either the State must be a party defendant.

"A municipal corporation has no power to assess or exact from the State or the general government any sum for benefits conferred. The power to levy taxes or impose assessments for benefits can only be exercised on the governed, and

not on the governing power, whether State or Federal. Nor does a fair construction of the statutes authorizing these assessments contemplate the exercise of such a power. The whole statute manifestly applies to individuals and individual property. It refers to persons alone, and not to either the State or general government." *Fagan* v. *City of Chicago,* 84 Ill. 227.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a proceeding by the City of Mount Vernon in the County Court of Jefferson County to confirm a special tax assessed, for the purpose of paving certain streets of the city, against the lots and blocks contiguous to or abutting upon the improvement. Among the blocks, so abutting upon the improvement, is the block owned by the State upon which the Supreme Court Building is located. This property was assessed a proportionate share of the cost of the improvement. The question, presented by the objections to the confirmation of the assessment, is, whether land owned by the State, and used by its Supreme Court for judicial purposes, is subject to special taxation for a local improvement by one of the cities of the State. The county court sustained the objection, that it had no jurisdiction so far as the property of the State was concerned, holding that said property was exempt from special taxation for the local improvement in question, and refusing to confirm the assessment as to said property, or to enter judgment against the same. From such judgment of the county court the present appeal is prosecuted.

Section 3 of article 9 of the constitution provides, that "the property of the State, counties, and other municipal corporations, both real and personal,  *  *  *  may be exempted from taxation; but such exemption shall be only by general law." In pursuance of this constitutional enactment, the legislature has provided, in section 2 of the general Revenue law, that "all property described in this section, to the extent herein

limited, shall be exempt from taxation, that is to say— * * *
*Fifth*—All property of every kind belonging to the State of
Illinois." (2 Starr & Cur. Ann. Stat. page 2027). We have
held that exemption from taxation does not exempt from spe-
cial assessment or special taxation of contiguous property.
(*County of McLean* v. *City of Bloomington*, 106 Ill. 209; *I. C.
R. R. Co.* v. *City of Decatur*, 126 id. 92; *County of Adams* v.
*City of Quincy*, 130 id. 566). It is, therefore, argued that, in-
asmuch as the general assembly, under the authority conferred
upon it by section 9 of article 9 of the constitution, has, in
article 9 of the City and Village Act vested the corporate
authorities of cities and villages with power to make local im-
provements by special assessment or special taxation of con-
tiguous property, the property of the State may be assessed
for paving a street under a city ordinance, which directs that
the cost of such paving be paid by special taxation of contigu-
ous property according to frontage.

What force there might be in this argument, if there were
no other constitutional provision applicable to this subject
than those above referred to, it is needless to discuss. But
there is another provision of the constitution which, as it
seems to us, is conclusive of the matter. Section 26 of arti-
cle 4 of that instrument is as follows: "The State of Illinois
shall never be made defendant in any court of law or equity."

It is claimed by the appellant, that the State is not a party
defendant within the true meaning of section 26, upon the
alleged ground that this is a proceeding *in rem*—an applica-
tion to confirm a special tax directly upon, or against, real
estate. It cannot be denied, that county courts are included
in the expression: "any court of law or equity." The statute
requires, that notice of the assessment shall be sent by mail
to the owner of the property, and that notices shall be posted
and published. Proof must be made of the mailing, posting
and publication of such notices. The owner has a right to
appear in response to the notice, and file objections to the re-

port of the commissioners. A hearing is had, and evidence is introduced. (Chap. 24 of Rev. Stat. secs. 18 to 51). Although no judgment *in personam* is rendered against the owner, yet it cannot be said, that he is not a defendant, in view of the provisions made for his notification, appearance and contest against the confirmation of the assessment. We think, that when the State is thus called into the county court to defend a proceeding against its property, it is made a defendant in the sense contemplated by the constitutional prohibition.

In support of the contention that the property of the State can be thus specially assessed, reference is made to cases where it has been held, that real estate owned by a city or county may be subjected to its proper share of the burden of constructing public improvements. (*Scammon* v. *City of Chicago*, 42 Ill. 192; *County of McLean* v. *City of Bloomington, supra; County of Adams* v. *City of Quincy, supra*). But it is to be observed in regard to cities, villages and counties, that they are mere agencies of the State through which local government is conveniently administered, and that the general assembly may authorize property held by one of its agencies to be burdened with a charge for the benefit of another of its agencies to the extent of benefits received, "in regard to a matter in which the citizens and property owners within the territorial limits of such last named agency have no exclusive interest, but only an interest in common with the entire public." (*Co. of McLean* v. *City of Bloomington, supra*). Although the property of the city or county cannot be sold so as to pass the title thereto to private parties, yet *mandamus* will lie to compel the payment of the amount assessed out of the city or county treasury. (*Taylor* v. *The People*, 66 Ill. 322; *City of Olney* v. *Harvey*, 50 id. 453; *The People* v. *Board of Supervisors*, 50 id. 213; *Co. of McLean* v. *City of Bloomington, supra*). Here, however, it is conceded that the amount assessed can neither be recovered by a sale of the property of the State, nor by *mandamus*. The judgment in the assessment proceed-

ing, if there was jurisdiction to render it, would be merely advisory. The tribunal pronouncing it would have no power to enforce it. Courts are not organized, under our judicial system, for the purpose of determining the moral obligations of the parties, but for the purpose of making such determinations as they have the authority to carry into execution.

"The State is a sovereign, and cannot be sued by her citizens, in her own courts, without her permission." (*State* v. *Inmel*, 30 La. Ann.—part 2—861). "It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, or in any other, without its consent and permission." (*Haus* v. *Louisiana*, 134 U. S. 1). "The obligations of a State rest for their performance upon its honor and good faith, and cannot be made the subjects of judicial cognizance, unless the State consents to be sued, or comes itself into court." (*Pennoyer* v. *McConnaughy*, 140 U. S. 1). In *Moore* v. *School Trustees*, 19 Ill. 83, we said: "The State could not be made a party defendant, nor compelled to sue. Her sovereignty would protect her from being coerced to prosecute or defend. *Osborn* v. *U. S. Bank*, 9 Wheat. R. 728 ; *Webster* v. *French*, 11 Ill. 254."

In *Fagan* v. *City of Chicago*, 84 Ill. 227, it was held, that the city of Chicago had no power to levy a special assessment for paving a street upon the block of ground owned by the U. S. Government and used, with the buildings thereon, for the purposes of a Post Office, custom-house, courts, etc. In that case we said: "A municipal corporation has no power to assess or exact from the State or the general government any sum for benefits conferred."

In view of the considerations here presented we think, that the County Court properly refused to confirm the assessment as to the property in question. Accordingly, the judgment of that court is affirmed.

*Judgment affirmed.*