## Nancy Tribbetts v. Albert M. Huston.

1. REAL ESTATE—*Liability for Cost of Improvements as Between Tenant for Life and Remainderman.*—As between a tenant of real estate for life and the remainderman, the tenant for life must pay in full the regular annual taxes, insurance if necessary, and ordinary repairs, but the expense of a permanent improvement that enhances the value of both the life estate and the remainder should be apportioned between the tenant for life and the remainderman, in proportion to their respective interests.

Assumpsit, against a tenant for life, for drainage district assessments paid by the remainderman. Appeal from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 19, 1896.

BLINN & HARRIS, attorneys for appellant.

A. G. JONES and BEACH & HODNETT, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

In 1893 a special drainage district was regularly organ-

ized in Logan county and commissioners appointed, who proceeded to excavate a ditch to cost $20,000, and to be paid for by assessment under the statute upon the lands of the district. It was divided into five annual payments of one-fifth of that sum, with interest on the deferred payments in each year. Appellant, sixty-eight years of age, owns a life estate in a tract of one hundred and sixty acres, worth $8,000, in that district, and appellee the remainder in fee. The assessment against it was $1,500, divided as above stated. For the year 1895 the amount due on it in May was $343.19. Neither of the parties paid it, and the land was sold therefor by the collector of the county. In November, 1895, appellee redeemed it by paying the sum so due, together with the penalty imposed by the statute, making the total amount $439.34, and thereupon brought this suit to recover it.

The case was tried by the court upon a stipulation of the facts as above stated and the further fact that the ditch was a permanent improvement that enhanced the value of both the life estate and the remainder, upon which the court found for the plaintiff and rendered judgment for the full amount claimed. Defendant excepted thereto and prayed this appeal.

Appellant does not deny her liability for her equitable portion of the assessment as tenant for life, but insists that to charge her for the whole of it and the penalty is unjust and unlawful.

We understand the rule to be that the tenant for life is bound by that interest to pay in full the regular annual taxes, insurance, where the subject of the tenancy is of a character that calls for insurance, and ordinary repairs, all of which are "incidental" charges upon the subject of the tenancy, and inure, substantially to their full amount, to the benefit of such tenant. Special assessments made by public authority and without regard to the will of the tenant, for permanent improvements inuring as well to the remainder in fee, are not such taxes, but are clearly distinguished on grounds materially affecting the liability therefor of the

several estates respectively. I. C. R. R. Co. v. The City of Decatur, 126 Ill. 92, and authorities there cited.

It is equally clear that such improvements are not necessarily "incidental" to the life estate, and that the big ditch in this case—forty feet wide and seven deep—can not be classed with "ordinary repairs."

Besides regular "taxes," properly so-called, current insurance where the property is of a kind calling for it (which is certainly not the case here), and ordinary incidental repairs, we know of no charges for which the life estate is wholly responsible. If it were, that estate, by reason of its liability to determination at any time, might not be of sufficient value to meet them. They are therefore chargeable upon the property which is permanently benefited, and the owners of the several estates therein should be held to pay only in proportion to their interests respectively. Plympton v. Boston Dispensary, 106 Mass. 546; Carm v. Shebert, 3 Edw. Chy. 312; Peck v. Sherwood, 56 N. Y. 615. No authority to the contrary has been brought to our attention.

If permanent improvements made by special assessments have in some cases been held to be "incidental" to the life tenancy, as street paving is said to have been in White v. The Mayor, etc., 2 Swan (Tenn.) 364, it would not follow that the entire assessment therefor should fall upon that estate. That must depend upon the permanency of the improvement and its effect upon the remainder. In Peyton v. Jeffries, cited by appellee, the court, on p. 149, declaring the rule to be that tenant for life is liable "for all the taxes" assessed, holds that the dowress, standing in the place of her husband, is subjected, like other tenants for life, to the "charges, duties and services to which the estate may be liable, in proportion, certainly, to her interest therein"—citing the Tennessee case and 2 Schribner on Dower, 733. Warren v. Warren, 148 Ill. 641, confidently claimed to be conclusive for appellee, we think is to the same effect. There the tenant did not hold as dowress nor otherwise by operation of law, but under her husband's will, which directs the trustee thereby appointed, who was his

son by a former wife, to hold and keep his estate intact during his (the trustee's) natural life, and after providing for the payment of debts and funeral expenses out of the personal property, proceeds as follows:

"I direct that the annual income of my estate, personal and real, shall be used as follows: My executor and trustee shall be entitled to and shall receive a reasonable compensation for his services. The annual taxes and insurance, and also all reasonable repairs and improvements, shall be provided for out of the annual rents and interest, and of the annual income not used for the purposes above named one third shall belong to my wife, Eliza A. Warren, during her natural life, and also a suitable house for her residence during the same period. And my wife, Eliza A. Warren, shall not be required to pay rent for the use of the residence that she shall occupy." * * * The improvements in question were street paving and sewers in the city of Rockford, where was her residence and the other real estate referred to, and were made by special assessment. She complained that she was charged for one-third of the assessment and claimed that she was not chargeable for any of it. The Circuit Court held with her on that point, but the Supreme Court held otherwise, and reversed the decree to that extent only, holding that she or her estate was chargeable "in proportion to her interest." There she made it a question between liability and non-liability.

Here it is between liability for the entire assessment or only for an equitable proportion. Appellant's expectancy of life exceeds but a little the period within which all of the installments will become due. If she is chargeable for the entire amount of the first, she will, if she lives and retains her interest, for the same reason be liable for all the others, and that would amount practically to a confiscation *pro tanto*, and probably in this case, completely, of the particular estate for benefits inuring to the remainder.

In our opinion that is neither lawful nor just. The judgment will be reversed and the cause remanded that the Circuit Court may ascertain her just proportion and give judgment for no more. Reversed and remanded.