(No. 5194—

COMMISSIONERS OF DRAINAGE DISTRICT No. 2 IN PLEASANT VIEW TOWNSHIP, MACON COUNTY AND STATE OF ILLINOIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1967.*

VAIL, MILLS, ARMSTRONG, WINTERS and PRINCE, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

This claim arises out of the action of the Commis-

sioners of Drainage District No. 2 in Pleasant View Township, Macon County, Illinois, to collect an assessment of $200.00, which was levied in 1961 against the right-of-way of Illinois State Bond Issue Route No. 48 located within the boundaries of the Drainage District.

The question presented to this Court for determination is whether State highways are exempt from drainage assessments. Respondent alleges that levy of assessments against State property is precluded by the Revenue Act, (Par. 500.5, Chap. 120, Ill. Rev. Stats.) which provides that "all property of every kind belonging to the State of Illinois" shall be exempt from taxation.

The Supreme Court of Illinois has long held that the exemptions of the Revenue Act have no effect whatsoever on the question of special assessments. In *City of Mt. Vernon* vs. *People*, 147 Ill. 359, 35 N.E. 533, the City attempted to assess the State for paving a portion of the street upon which the State Supreme Court building was located. The Court specifically rejected the argument that the Revenue Act applied, and stated:

"We have held that exemption from taxation does not exempt from special assessment or special taxation of contiguous property." (*County of McLean* vs. *City of Bloomington*, 106 Ill. 209; *I.C.R.R. Co.* vs. *City of Decatur*, 126, Ill. 92, 18 N.E. 315; *County of Adams* vs. *City of Quincy*, 130 Ill. 566.)

However, the Court went on to hold that a special assessment could not be levied against the State, since Sec. 26, Art. IV of the Constitution provides: "The State of Illinois shall never be made a defendant in any court of law or equity", and that the nature of a tax assessment proceeding would necessarily be one in which the State is called into court to defend a proceeding against its property.

In the case of *County of Adams* vs. *City of Quincy*,

130 Ill. 566, 22 N.E. 624, the court stated that the general rule in Illinois is that special assessments for local improvements are not taxes in the strict sense of the term, and that property held for a public use is not exempt from such assessment, although exempt from taxation for general purposes. In that case, although there was no statute expressly authorizing the City to levy a special assessment on County property, it was nevertheless held that the property owned by the County be assessed its proportionate share of the cost of the proposed improvement.

The Illinois cases are in accord with the majority of jurisdictions, which distinguish taxes from assessments. Taxes are defined as public burdens imposed generally on the inhabitants of the whole State, or some civil division thereof, without reference to particular benefits to particular individuals or property. Assessments have reference to imposition for improvements, which are specially beneficial to particular individuals or property, and are proposed in proportion to the particular benefits supposed to be conferred. (90 A.L.R. 1137.)

The pertinent portions of the Constitution and the Drainage Code include the following:

(Sec. 31, Art. IV, Illinois Constitution.)

"The General Assembly may pass laws permitting the owners of lands to construct drains, ditches and levees for agricultural, sanitary or mining purpos, across the lands of others, and provide for the organization of drainage districts, and vest the corporate authorities thereof with power to construct and maintain levees, drains and ditches, and to keep in repair all drains, ditches and levees heretofore constructed under the laws of this State by special assessments *upon the property benefited thereby.*" (Emphasis supplied.)

(Sec. 5-2, Drainage Code.)

"Upon the organization of the district, the commissioners shall

proceed to make out their assessment roll of benefits, damages and compensation, and they shall include therein all lands, lots, railroads, *public highways, streets and alleys,* and other property within the district, which, in their opinion, *will be benefited,* taken or damaged by the proposed work." (Emphasis supplied.)

(Sec. 5-3, Drainage Code.)

".......... (2) The commissioners shall also include in their assessment roll (a) *the names of the highway authorities having jurisdiction over the public highways within the district affected by the proposed work,* and the names of the municipal corporations or quasi municipal corporations owning or having jurisdiction over streets and alleys and other municipally owned property or property held for public use within the district and affected by the proposed work; (b) *a general description of all such public highways, streets and alleys,* and municipally owned or controlled property; (c) the amount of benefits, if any, levied against such highways, streets and alleys, and municipally owned or controlled property; (d) the amount of annual benefits, if any, levied against such property; (e) the amount of damages allowed to land not taken, if any, and, (f) the amount of compensation allowed for land taken, if any." (Emphasis supplied.)

(Sec. 3-6, Drainage Code.)

".......... If any public highway or public street or alley is located within the proposed district and may be subject to assessment............"

(Sec. 4-27, Drainage Code.)

"With respect to the State of Illinois, the Federal Government, or any of their agencies, the commissioners, subject to the approval of the court, shall have the power and authority: (a) To levy and collect assessments, as provided in this Act, when such assessments become necessary to avail the district of financial assistance from any appropriation made by the Government of the United States, the State of Illinois, or any of their agencies."

A general rule in the interpretation of statutes limiting rights and interests is to construe them so as not to embrace the sovereign power or government unless the same is expressly named therein. The intent that the property of the State shall be subject to assessment must be clearly expressed. (Sec. 87, 48 Am. Jur., Special and Local Assessments.)

Whether the provisions in the Drainage Code meet this test may be determined by an examination of cases where a levy of special assessment on a sovereign power was attempted. One of the earliest cases in point is that of *Fagan, et al* vs. *City of Chicago,* 84 Ill. 227, which was later cited in the *Mt. Vernon* opinion discussed above. The Illinois Supreme Court in *Fagan* held that the City of Chicago had no power to levy a special assessment for paving a street upon the block of ground owned by the United States Government, and used with the building thereon for governmental purposes.

The court stated:

"A municipal corporation has no power to assess or exact from the State or the general government any sum for benefits conferred. The power to levy taxes or impose assessments for benefits can only be exercised on the governed and not on the governing power, whether State or Federal ............ it is a familiar rule of interpretation that a law, which refers to inferiors, is never applied to superiors. Again, all grants are taken most favorably to the government or the public. Hence, when the power was granted to these municipal governments to make such assessments, it would not be a favorable construction to the government to hold that the assessment might be imposed on government property."

In the case of *City of Springfield* vs. *State of Illinois,* 5 C.C.R. 246, the State legislature made an appropriation to pay the principal of the assessment on State property for the paving of streets by the City. The City ordinance for the improvements provided that the assessments be paid in yearly installments, the deferred payments to bear interest. The Court held that, where a municipal corporation under a special assessment ordinance makes an improvement, and the property of State is benefited thereby, the State, if it has made an appropriation, should respond as an individual citizen and property owner and pay interest on the assessments up to the time it offered to pay the principal.

However, in the case of *Indian Refining Company* vs. *State of Illinois,* 5 C.C.R. 250, which was decided on the same day, the Court flatly stated that the property of the State is not subject to taxation or special assessment for a local improvement: "The. Illinois and Michigan canal belongs to the State, and the City had no power to assess any of the canal strip for street improvements."

Although sections of the Drainage Code, cited above, refer to "public highways", property of the State and Federal Governments are clearly distinguished by being set apart in Sec. 4-27, which empowers the drainage commissioners to levy and collect assessments with respect to the State or Federal Governments only when such assessments become necessary to avail the district of financial assistance from *any appropriation made* by the Government of the United States, the State of Illinois, or any of their agencies. It is our opinion that an appropriation must be made before an assessment may be levied against the State of Illinois.

In the instant case an appropriation for such assessment was not made by the State Government. Therefore, the claim is hereby denied.