THE PEOPLE *ex rel.* JOHN C. WEINER, Plaintiff-Appellee, *v.* CALUMET MEMORIAL PARK DISTRICT, Defendant-Appellant.

First District (3rd Division)   No. 82—1585

Opinion filed September 28, 1983.

Herbert Lesser, of Chicago, and Vincent J. Biscupic, of Oak Brook, for appellant.

Sullivan and Sullivan, of Chicago (John P. Sullivan and Robert N. Lipschultz, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

This is an appeal from an order granting a writ of *mandamus* directing defendant Calumet Memorial Park District, a municipal corporation and the owner of certain real estate lots, to pay a special assessment levied against those lots to plaintiff, John C. Weiner, the holder of "certificates of sale and assignment" of special assessment liens on those lots. The certificates were issued in a sale by the city of Calumet City pursuant to a 1955 ordinance entitled, "An Ordinance Providing for a Program for the Liquidation of Liens of Delinquent Special Assessments held by the City of Calumet City, Cook County, Illinois." Statutory authority for the sale and assignment is found in sections 9—2—66 through 9—2—70 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, pars. 9—2—66 through 9—2—70). The Calumet City ordinance followed closely the language of the ordinance of the city of Waukegan in *People ex rel. Drobnick v. City of Waukegan* (1953), 1 Ill. 2d 456, 116 N.E.2d 365, and the sale procedures used

here were similar to those approved by the Illinois Supreme Court in *Drobnick*. The park district contends nevertheless that the certificates of sale and assignment should be declared void *ab initio* and held for naught.

Defendant does not challenge the legality of the special assessment, or question that the assessment was properly levied against its lots as being among the properties benefited by the improvement for which the assessment was levied. The narrow basis of defendant's refusal to pay the special assessments is its claim that proper statutory collection procedures were not followed by Calumet City.

In addition to sections 9—2—66 through 9—2—70, pursuant to which the sale of the liens in the instant case was made, there is an alternative method by which delinquent special assessments can be collected set forth in section 9—2—82 and following sections. Defendant contends that because some steps required under this alternative method were not taken by Calumet City, the sale pursuant to section 9—2—66 was void.

Under the alternative method, the city collector is authorized to refer delinquent special assessments to the county clerk, who is directed to proceed to judgment and sale. Defendant questions the validity of two-thirds of the liens because they were never reported by Calumet City to the county clerk for collection. Nowhere in the statute is it stated that this referral to the county clerk is a prerequisite for a valid sale by the municipality of its tax liens. Plaintiff explains that referral to the county of unpaid assessments against lots owned by defendant park district would be a useless gesture inasmuch as the only purpose would be to enable the county to offer the lots for sale at the annual tax sale, at which municipal property cannot be sold to satisfy the lien. *County of McLean v. City of Bloomington* (1883), 106 Ill. 209.

As to the one-third of the liens that were reported to the county clerk, defendant complains that the collector of Calumet City did not withdraw them from the county clerk before offering them for sale. Defendant says, "The municipality must cause the lien of delinquent special assignments to be returned to it for collection from the County Clerk before the sale and assignment," and that failure to do so could result in the land being subject to lien claims by both the county which carries the item as unpaid on its books and by lien purchasers like the plaintiff. Defendant acknowledges that the city pledges to withdrawn the lien for collection from the county clerk after defendant pays its claim.

In the *Drobnick* case our supreme court approved of the sale by

the city of Waukegan of the judgment liens on special assessment, but here the defendant park district contends we should hold such sale as void *ab initio* on the basis of the difference between the scheme for collection of delinquent special assessments set out in section 9—2—91 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 9—2—91), for counties of less than 500,000, and that in section 9—2—92 of the code (Ill. Rev. Stat. 1981, ch. 24, par. 9—2—92), for counties of more than 500,000.[1] In the former, forfeited delinquent special assessments are returned by the county clerk to the office of the municipal collector where payment can be made. In the latter, they are returned to the office of the county clerk where payment may be made. This, argues the defendant park district, distinguishes the case at bar from *Drobnick*, and made it necessary for the city to have its liens withdrawn from the county before proceeding with their sale. The statute has no such express requirement. Further, the defendant has not been damaged by the procedure used here. The defendant states: "The statute authorizing sale and assignment of special assessment liens (Ill. Rev. Stat. 1981, ch. 24, par. 9—2—65), provided no direction to the municipality other than a brief statement that said municipality may sell and assign the liens," and asks us to put limitations on this legislative grant of power which we do not find in the statute. This we will not do.

The order of the trial court granting a writ of *mandamus* directing the park district to pay to plaintiff the amount of the special assessment liens is affirmed.

Affirmed.

RIZZI and O'CONNOR, JJ., concur.

---

[1] Public Act 82—1013, effective September 17, 1982, substituted "1,000,000" for "500,000" in sections 9—2—91 and 9—2—92.