## FRANCES E. JONES *vs.* CITY OF BOSTON.

A city is not liable on the Gen. Sts. c. 44, § 22, for an injury received by a traveller on a sidewalk, which it is bound to keep in repair, through the falling upon him of a sign which the proprietor of an adjoining building had suspended over the sidewalk on an iron rod insecurely fastened to the building; although the city had notice of the position and insecurity of the sign and its fastening.

TORT on the Gen. Sts. c. 44, § 22, for an injury alleged to have been received by the plaintiff through a defect in a highway in Boston. Trial before *Morton*, J., who reported the case follows.

" At the trial the plaintiff offered to prove that, on June **7** 1867, as she was travelling along the sidewalk of Union Street, a public highway in said city, which the defendants were bound to keep in repair, and using due care, a sign or signs, suspended and projecting over said sidewalk, together with the iron rod or frame from which the same were hung, but so high that persons travelling along said sidewalk would not come in contact there-with, fell upon the plaintiff, and dislocated and fractured her hip, causing her very serious injury ; that said injury was caused solely by the falling of said sign or signs, and rod or frame; that said sign or signs, and rod or frame, were hung in a very unsafe and insecure manner; and that said sign or signs, and rod or frame, had so hung, as aforesaid, for the space of more than twenty-four hours prior to said injury, and after reasonable notice to the officers of said city of such suspension and condition, more than twenty-four hours prior thereto. Said sign and frame was put up by and belonged to the owner of the building to which it was attached. Upon this offer of proof, I ruled that the action could not be maintained, and so instructed the jury, who returned a verdict for the defendants; and now I report the case for the determination of the full court."

*J. P. Converse,* for the plaintiff.

*J. P. Healy,* for the defendants.

WELLS, J. For an injury received by reason of a defective awning, projecting over and across a sidewalk, and supported upon posts at the curbstone, a city or town is held to be liable. *Drake* v. *Lowell,* 13 Met. 292. *Day* v. *Milford,* 5 Allen, 98. For an injury received in a similar manner from the fall of snow and ice, projected from the roof of a building, and overhanging the sidewalk, the city or town is held not to be liable. *Hixon* v. *Lowell,* 13 Gray, 59, 62. In this case, the injury was caused by the falling of a sign, " suspended and projecting over the sidewalk, together with the iron rod or frame " from which it hung. It was attached to the building by the occupant, for purposes relating exclusively to his occupancy. In this fact consists all of importance that we perceive, to distinguish this case from either of those above mentioned. The question is, by which of those decisions the present case is to be governed.

In *Drake* v. *Lowell*, and *Day* v. *Milford*, the decisions do not appear to have been made upon the ground that the awnings, or the posts upon which they were supported, were of themselves obstructions in the street, and therefore defects, rendering the city or town liable for whatever injury might happen by reason of their being there. And in *Macomber* v. *Taunton*, 100 Mass. 255, it is decided that posts so placed are not defects. Those decisions are put exclusively upon the ground of the insufficient strength or defective condition of the awnings, whereby persons passing upon the sidewalk were exposed to danger. The awning differs from the overhanging sign, or ice, in that it is not a mere incident or attachment of the building alone, but is a structure erected with reference, in part at least, to the use of the sidewalk as such. The structure itself, being adapted to the sidewalk, in some measure, as a part of its construction and arrangement for use as a sidewalk, a danger from its insecure condition may reasonably be treated as arising from a defective or unsafe condition of the sidewalk. Permitting it to remain will make the city or town responsible for it, as much as if it were originally placed there by its own officers. This test of what constitutes a defect in a way is suggested in *Barber* v. *Roxbury*, 11 Allen, 318, as well as in *Hixon* v. *Lowell*. In the latter case it was stated, as the opinion of the court, that the case of *Drake* v. *Lowell* went to the limit, in that direction, of liability of towns for such defects. If so, the present case is excluded.

Upon the whole, we are satisfied that this case must be governed by the decision in *Hixon* v. *Lowell*. The difference in the facts does not place them upon any different ground of principle. The projection of the ice was produced by the action of the elements, causing deposits of snow and water upon the roof. But it had been overhanging the sidewalk for twenty-four hours; and, under the statute which imposes it, the liability of the city or town is to be determined by the existence and character of an obstruction or cause of danger, and not by the manner of its production. There is nothing in the character of the overhanging ice, different from that of the insecure sign, which should

exempt the city or town from liability for the one and not for the other. It subjects the owner or occupant of the building to responsibility for injuries occasioned by its fall, as much as does the falling sign, and substantially upon the same grounds. *Shipley* v. *Fifty Associates*, 101 Mass. 251.

From these considerations, we are brought to the conclusion that this action cannot be maintained.

*Exceptions overruled.*