BOSTON SEAMEN'S FRIEND SOCIETY *vs.* MAYOR AND ALDERMEN OF BOSTON.
CHILDREN'S MISSION TO THE CHILDREN OF THE DESTITUTE *vs.* ALDERMEN OF BOSTON.

Suffolk.    March 17. — October 29, 1874.    COLT & ENDICOTT, JJ., absent.

The exemption of the real estate of charitable institutions from taxation, by the Gen. Sts. *c.* 11, § 5, *cl.* 3, is only from taxation imposed for the general purposes of government, and does not extend to taxation for local improvements under the St. of 1865, *c.* 159, or the St. of 1866, *c.* 174.

When the owner of an estate upon which a betterment has been assessed by the mayor and aldermen under the St. of 1865, *c.* 159, applies for a jury under § 8, the proceeding is in the nature of an application for an abatement of the tax, and the assessment by the jury is to be made as of the time when it was made by the mayor and aldermen, without regard to interest since that time.

DEVENS, J.    The first case arises upon a petition to the Superior Court for a trial by jury upon a certain assessment made upon the estate and lands of the petitioner at the corner of Purchase and Oliver streets in Boston, for a portion of the expense of laying out, widening and grading said Oliver Street, &c., under a resolve of the mayor and aldermen of the city, approved September 6, 1865, under the St. of 1865, *c.* 159; and the questions reported to this court are :

"1st. Whether, under the provisions of the St. of 1865, *c.* 159, the petitioner or its estate is liable for or subject to said assess

ment, or any assessment, for the expense of laying out, widening and grading said streets, and whether said mayor and aldermen had or have any right or authority to lay or collect said assessment, or any assessment, therefor upon the petitioner's estate."

" 2d. Whether, in case said petitioner's estate is liable for an assessment, the petitioner or its estate is liable to pay any interest thereon."

That the legislature had the constitutional authority to pass the act under which this petition is brought was fully determined in *Dorgan* v. *Boston*, 12 Allen, 223. See also *Jones* v. *Boston*, 104 Mass. 75.

Recognizing this as settled, the petitioner, a charitable institution incorporated under the laws of the Commonwealth, whose real estate (which at the time of the passage of the St. of 1865, *c.* 159, had been and still is used by it for the charitable purpose for which it has been incorporated) has been assessed for a portion of the expense of laying out, widening and grading this street, contends that it is improperly assessed, because its property is included in the exemption from taxation contained in the Gen. Sts. *c.* 11, § 5, *cl.* 3. This clause provides that " the personal property of literary, benevolent, charitable and scientific institutions incorporated within this Commonwealth, and the real estate belonging to such institutions, occupied by them or their officers for the purposes for which they were incorporated," shall be exempted from taxation.

That an assessment of the character of the one in question is a tax, and that it can only be levied under the power of taxation, confided by the Constitution to the legislature, and exercised by the mayor and aldermen by virtue of the authority given in the statute under which they have acted, is decided by the case of *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470.

In many instances, the general public may be interested in an improvement of a local character to such an extent that a proportion of the expense should properly be borne by all the citizens and their property, while it is also attended with especial benefit to particular estates or localities. In such cases, it would be competent for the legislature to authorize a certain proportion of the expenditure to be assessed in the general public taxes, and a certain other to be assessed upon the estates in proportion to the

benefit they derive from it. And where, as in the present case, in the judgment of the legislature, a work of a public nature should be undertaken, which is so largely in its immediate advantages for the benefit of the estates in a particular district as to render such an adjustment of the expenditure proper, it is competent for it to define the limits of such district and cause to be therein assessed the whole expenditure which may be incurred for the purpose. In the assessment of such expenditure they may adopt as the rule that it shall be assessed upon the estates in proportion to their value, if in their judgment this mode is equitable. *Springfield* v. *Gay*, 12 Allen, 612.

But, while impositions for the purpose of carrying on the government and meeting those expenditures which properly rest upon the whole people of the Commonwealth, whether levied by the government of the state directly, or through the various municipalities by which it exercises its powers, and those impositions which are made upon property benefited by improvements which, although demanded by public convenience and necessity, are yet undertaken for, or are attended with, especial benefit to particular localities, are alike taxes, the only power to levy which must be derived from the authority of the legislature, they form two quite distinguishable classes.

Is then the exemption of the General Statutes to be construed as an exemption from taxation for the public charges of government; or is it to be construed as extending so as to include assessments for expenditures of a local character, the benefits of which are immediately experienced in the particular localities where property so claimed to be exempt is situated ?

In *Harvard College* v. *Aldermen of Boston, supra,* which raised the question whether an assessment for a betterment was a tax or civil imposition within the meaning of the very broad clause in the charter of Harvard College, by which its property to a certain value was exempted from all " civil impositions, taxes and rates," it was said that the words thus used in a grant of privileges by the body from whose authority alone taxes, and impositions in the nature of taxes, could be levied, must import a renunciation of the taxing power, " and this not only in the forms and modes already established and in use at the time, but in all forms and modes in which the legislature may from time to

time see fit to exercise the power, or authorize it to be exercised, over property within its jurisdiction." But it was also observed that this proposition did not apply to exemptions contained in what are called general tax acts; and the effect of such an exemption on an assessment like that in the case before the court was not necessary to be then considered.

It cannot be denied that it was entirely competent for the legislature to modify or withdraw at any time the exemption given by the General Statutes to particular classes of property, nor could the language of the statute be interpreted as a renunciation of the taxing power in respect to property of such classes. Although the language is general, yet, in our opinion, it was the intent only to exempt property such as that of the petitioner from those public charges which it is the duty of the whole community to sustain, and which are therefore provided for by the general laws relating to taxation.

The exemption is found in the chapter whose object is to set forth all the persons and property subject to taxation, and the mode in which the assessment shall be made for the annual public charges which are incurred by the state, counties and towns ; and it neither contains nor alludes to the special modes of assessment which are adopted where a particular district or a particular class of persons is deemed to have received a special benefit from an improvement undertaken as a public one.

From the nature of the case, the acts which provide for such objects are special, and intended for particular places or occasions ; and although they have been passed both by the colonial and provincial legislature, as well as since, they have not formed a portion of the general system of taxation, but have been enacted as the exigencies for them have arisen. *Dorgan* v. *Boston*, *supra*.

Nor do the considerations, which may fairly be presumed to have influenced the legislature in relieving the estate of the petitioner from the burden of taxation for the general public purposes, apply with the same force when the inquiry is whether it is to be relieved from taxation for a local improvement.

Institutions like the one before us are intended for the benefit of the general public ; and even though devoted to the needs of a particular class, they operate, by taking care of such class, to

relieve the community. There is, therefore, a strong reason for exempting them from taxation for the general public purposes, which is borne in some form by the property of the whole community, that does not exist where the legislature has found it necessary to impose or authorize to be imposed a tax for a local purpose or for a local improvement, and to define the limits within which taxation therefor shall be imposed. There is no reason why the property included within such limits should bear the additional assessment to which it would necessarily be subject were property such as that of the petitioner exempted. Even if it be true that the diminution of the petitioner's means, it being engaged in performing what would otherwise be a public duty, must be met in some form by the public, the limits included within the taxation district for the purpose of the improvement do not in any way indicate the property which should bear this burden.

There has been frequent occasion in other states to consider whether language similar to that of our statutes would exempt property of this character from assessment for local improvements, and in all of them where it has been discussed it has been decided that it would not. *In re Mayor of New York*, 11 Johns. 77. *Northern Liberties* v. *St. John's Church*, 13 Penn. St. 104. *Canal Trustees* v. *Chicago*, 12 Ill. 403. *Ottawa* v. *The Free Church*, 20 Ill. 423. *Lefevre* v. *Detroit*, 2 Mich. 586. *Lockwood* v. *St. Louis*, 24 Mo. 20. *In re College Street*, 8 R. I. 474. *Crowley* v. *Copley*, 2 La. An. 329. *People* v. *Mayor of Brooklyn*, 4 Comst. 419. *Bleecker* v. *Ballou*, 3 Wend. 263. *Sharp* v. *Speir*, 4 Hill, 76.

Some of the cases above referred to involved questions as to the construction of charters containing special exemptions from taxation, which were of course to be decided by the particular language used by the power granting the charter; but, so far as they arose under general laws, without finding it necessary to adopt the grounds upon which many of them are placed, they may fairly be considered as recognizing that an assessment or tax of the nature we are here considering is one differing essentially from those which are levied for the general public objects of gov· ernment.

The distinction to which we are adverting is also recognized in *Bedford Union* v. *Commissioners of Bedford*, 7 Exch. 777, where an estate which was exempted from " all parliamentary taxes " was held liable to a tax similar to the one in the present case, because, although imposed by the authority of parliament, it was not a tax for the benefit of the whole kingdom, but for the purpose of the local improvement of the district in which the plain-- tiffs' estate was situated.

That the construction we have given to the clause relied on by the petitioner, is the one contemplated by the legislature, is made clear by an examination of some of the provisions of the St. of 1865, *c.* 159. By § 6, it is provided that the whole expense of the widening of the street, including the damages, &c., and the net expense of grading, &c., " shall be assessed upon all the estates abutting upon the said widened street." The estate of the petitioner is therefore subject to assessment according to the literal terms of the act; but we agree that too much emphasis should not be given to the word which includes it. An act of this nature is to be construed by considering what it aims to effect, and the character of its general provisions, rather than by particular phrases; and if an examination of these provisions should indicate that property such as the petitioner holds was to be exempt as it is from ordinary public charges, such construction might properly be given to the act. The form in which, under the statute, the estimate for damage for land, &c., taken is made, indicates strongly that the assessment for this improvement is not a tax from which property such as that of the petitioner is intended to be exempt. If it is not so, and if the petitioner is an abutter, a portion of whose land has been taken, its estate is not only to receive the increased value of that which remains without any payment therefor, but the payment therefor must be made by the other abutters, by reason of the larger assessment to which they will be subjected on account of the amounts awarded the petitioner for that portion of its land which is actually taken. Ordi narily, in laying out or altering highways, the damages to the landowner for his property taken are ascertained by determining the value of the property taken, including therein the injury, and deducting therefrom the benefit to that which remains by reason

of the improvement. The damages and benefits are set off against each other, having been included in one estimate, and the award is only of the excess of damages above the benefits. The damages as awarded in this mode are thus an estimate of the net amount of injury occasioned as the result of the whole proceedings on the estate of the landowner. *Harvard College* v. *Aldermen of Boston, supra.*

But it is obvious that unless this deduction is made, or unless there is an assessment upon the landowner in some form for the advantage that his estate derives from the improvement, he would receive more than he would be fairly entitled to. Instead of adopting the mode of assessment of damages provided by the Gen. Sts. *c.* 43, § 16, the St. of 1865, *c.* 159, § 3, provides for no deduction from the value of the land and buildings taken, on account of the benefit which is done by the improvement to the remainder of the estate, and this for the reason undoubtedly that the property is to be subjected under another form to an assessment for that benefit. If therefore the estate of the petitioner is not subjected to this tax two results follow: first, that it receives more than the amount of damages for the actual injury done to it; and second, that the excessive amount which it thus receives is necessarily to be added to the expenses of laying out the street, and with such expenses to be paid by the other abutters. It could not have been intended that any such result should follow the mode of assessing the expenditure for this public improvement from which the abutters are to derive the immediate and especial benefit.

In the present proceeding the question whether the petitioner is liable for interest does not arise. The object of the inquiry is to ascertain whether the assessment as originally laid was correct in amount, according to the rule laid down in the St. of 1865, *c.* 159, § 8. The assessment by the jury should be made as of the time when it was made by the mayor and aldermen, and without regard to any consideration of interest since that time. The proceeding is in the nature of an application for an abatement. The original assessment and not the verdict of the jury is the foundation of the claim which the city may enforce and for which the lien is given.                      *Case to stand for trial.*

The second case is a petition for a writ of certiorari, and is necessarily disposed of by the construction we have given in the previous case to the clause of exemption in the General Statutes. The statute under which the assessment was here made varies in many and important particulars from the St. of 1865, c. 159, but, like that, confirms us in the view we have taken of the meaning of that clause.

The assessment upon the petitioner, (a charitable institution and owning and occupying its estate for the purpose of a charity,) for the benefit and advantage done to its estate by the widening of Tremont Street, was made under the St. of 1866, c. 174, entitled " An act concerning the laying out, altering, widening and improving the streets of Boston," amended by the St. of 1868, c. 276, by which full powers in reference to the subjects stated in the title were given to the board of aldermen. As under the St. of 1865, c. 159, in estimating the damages sustained by the landowners, no deduction is made for any benefit by the improvement to the land not taken, and if there is such benefit the damages received by them are more than the net result of the injury occasioned. St. 1866, c. 174, §§ 2, 3.

The mode of assessment for the expenditure for the improvement is however different from that in the former case, and is under the St. of 1868, c. 276, § 1, which had taken effect when the proceedings complained of took place.

By this act the number of those who are liable to assessment is extended beyond the abutters ; but as the assessment upon them may equal the full amount paid by the city, including therein the damages paid under the statute to the landowners, those liable to pay for this improvement, if the estate of the petitioner was held exempt, might be compelled to pay not only the net damages which the petitioner, if it was a landowner, part of whose estate was taken, had sustained, but the sum which it had received over and above such net damages by reason of the fact that no deduction had been made on account of benefit.

It is argued that the fact that the assessments are, under the St. of 1866, c. 174, § 6, to constitute a lien upon the estate charged with them, and that upon notice to the aldermen they shall apportion it into three parts which apportionments shall be certified to the assessors " and the assessors shall add one of said

equal parts to the annual tax of said estate each year for the three years next ensuing," should satisfy us that only those whose estates were subjected to the general annual tax were to be subjected to the assessment for benefits. But, as before suggested in regard to a stronger phrase in the St. of 1865, *c.* 159, too much weight must not be given to particular phrases in acts which are to be construed by their general intent and purposes. It cannot be fairly inferred from this, that only the estates subject to the general annual tax for public purposes were to be subjected to this imposition. *Writ of certiorari denied.*

*C. T. Russell,* for the Boston Seamen's Friend Society.

*O. W. Holmes, Jr. & R. Gray,* for the Children's Mission.

*J. P. Healy,* for the defendant.