# THE COUNTY OF ADAMS

## *v.*

## THE CITY OF QUINCY.

*Filed at Springfield October 31, 1889.*

1. SPECIAL ASSESSMENT—*special taxation—for local improvements—powers under the constitution of 1848, and that of 1870.* Under the taxing power conferred upon cities, etc., by section 5, article 9, of the constitution of 1848, special assessments imposing unequal burdens upon property were not authorized; but the power of cities and villages to make local improvements by special assessment of property thereby benefited, was sustained, as an exercise of the right of eminent domain.

2. But under the constitution of 1870, special assessments by cities and villages can not be levied under the right of eminent domain, for the reason that property taken for the public use can not be compensated for in benefits. Benefits are only allowed as a set-off to damages to property not taken. Under the present constitution, the levying of special assessments must be regarded as a species of taxation.

3. SAME—*local public improvements—of the several modes of providing therefor.* Under section 9, article 9, of the present constitution, cities and villages may be vested with power to levy and collect taxes, both general and special. The former must be uniform in respect to persons and property, while taxation of contiguous property for local public improvements has no limitation as to uniformity and equality.

4. Under the power conferred by this clause of the constitution, the legislature may authorize local public improvements to be made by special assessments, to the extent the property assessed will be benefited, or by special taxation of contiguous property according to its frontage upon the proposed improvement, or according to its value, or by general taxation for corporate purposes, or partly by general taxation and partly by special assessments, or by special taxation. Either of these modes involves taxation, either general or special. Both special assessments and special taxation are treated by the constitution as a species of taxation, for corporate purposes.

5. The power vested in cities and villages to make local improvements by special assessments, special taxation, etc., must be exercised by the passage of an ordinance prescribing the mode to be pursued, and whether the improvement shall be made by special assessment, or by special taxation of contiguous property, or general taxation, or both. When the improvement is ordered to be made by special taxation, the method of its levy, assessment and collection is pointed out in the act

as being the same as prescribed for the making, levying and collection of special assessments.

6. Section 19 of the act provides, that whenever such local improvements are to be made, wholly or in part, by special assessment, an ordinance shall be passed to that effect, specifying therein the nature, character, locality and description of such improvements. The 20th section provides for the appointment of a committee of the council or board of trustees, or three other competent persons, to make an estimate of the cost of the proposed improvement, including labor, material, and all other expenses attending the same, and the cost of making and levying the assessment, who shall report the same in writing to the council or board of trustees, and that upon approval of such report by the council, etc., they may order a petition to be filed in the county court, etc. These several provisions are alike applicable to the proceeding by special assessment and by special taxation.

7. SAME—"*contiguous property*"—*in what it consists.* The words "contiguous property," as used in the statute in relation to special taxation for local improvements, are to be understood in their popular sense; the word "contiguous" meaning, "in actual or close contact," "touching," or "near." If the improvement is of a street or sidewalk, contiguous property is such as abuts upon the street or sidewalk or is bounded by the street.

8. SAME—*of the ordinance—requisites—construction.* In case of special taxation, the amount to be assessed to each tract or particular lot can be known only upon the report of the cost of the improvement, which must be ascertained and reported by the committee to the city council or board of trustees. The ordinance must specify the nature, character, locality and description of the work, fully and in sufficient detail; but the statute does not require that it shall set forth the details and all the particulars of the work. A substantial compliance with these provisions is all that is required.

9. It is not necessary that the ordinance shall state the width of the streets to be paved, in order to enable the committee to estimate the cost of the proposed improvement. The width of the street may easily be ascertained by the committee, and an ordinance requiring the pavement of a street will not be construed to require the pavement of the existing sidewalk.

10. SAME—*ordinance—whether embracing more than one improvement.* An ordinance for the paving of several streets and alleys, and parts of streets, with the same material and in the same way, is not obnoxious to the objection that it embraces more than one improvement, although there may be a difference in the width of the streets to be paved.

11. SAME—*report of committee—approval thereof.* The action of the city council in ordering the filing of its petition to the county court

for the appointment of commissioners to ascertain the cost of the improvement and levy the special tax, may be regarded as an approval of the report of the committee.

12. SAME—*exemption—generally—and as to county court house.* As the burden of taxation ought to fall equally on all, statutes exempting persons or property are construed with strictness, and the exemption should be denied, unless so clearly granted as to be free from fair doubt. Such statutes will be construed most strongly against those claiming the exemption.

13. Although a special assessment is in the nature of a tax, and is a branch of the taxing power, yet a general statute exempting certain property does not exempt it from liability for an assessment levied for the improvement of a street upon which it abuts or is contiguous.

14. Property owned by a county for a court house is not exempt from special taxation by a city, levied for the purpose of paving a street upon which the same abuts.

15. AMENDMENT—*proceedings of city council.* Where the record of the proceedings of a city council fails to show its action in approving the report of one of its committees, the council, at a subsequent meeting, may amend the record so as to show the fact.

APPEAL from the County Court of Adams county; the Hon. BENJAMIN F. BERRIAN, Judge, presiding.

Mr. ALMERON WHEAT, for the appellant:

The court house, together with the grounds on which it was erected, not exceeding four acres, was exempt from taxation under the ordinance. 2 Starr & Curtis' Stat. 2027; Const. art. 9; art. 9 of the act of 1872, to provide for the incorporation of cities and villages; *People* v. *Pierce,* 90 Ill. 85; *Lein-decker* v. *People,* 98 id. 21; *Potwin* v. *Johnson,* 106 id. 532; *People* v. *Springer,* id. 542; *Herhold* v. *Chicago,* id. 547; *Chicago* v. *People,* 80 id. 384; *Chicago* v. *Larned,* 34 id. 203; *Board of Trustees* v. *Board of Supervisors,* 76 id. 184; *Guild* v. *Chicago,* 82 id. 474; *Galesburg* v. *Searles,* 114 id. 219; *County of McLean* v. *Bloomington,* 106 id. 209.

The ordinance was defective in respect to two things: First, it did not state the amount of the special taxes to be levied, or give any *data* by which the amount of the same could be

ascertained or determined. (*Springfield* v. *Green*, 120 Ill. 269; *Sterling* v. *Galt*, 117 id. 16.) Second, the ordinance is also defective in not sufficiently specifying the extent and quantity of the paving ordered. *Sterling* v. *Galt*, 117 Ill. 16; *Kankakee* v. *Potter*, 119 id. 324.

An estimate by the commissioners, of the cost of the improvement ordered, after the adoption of the ordinance, is not the proper way, in cases of special taxation, to determine the amount of taxes to be apportioned; and the estimate of such cost, by the commissioners appointed by the ordinance, was without authority of law, and void as a means for furnishing the commissioners to apportion the tax, information of the amount of tax to be apportioned. *Enos* v. *Springfield*, 113 Ill. 71; *Sterling* v. *Galt*, 117 id. 16.

If it was necessary in this case that the commissioners appointed by the city council should make an estimate of the cost of the improvement contemplated by the ordinance, then it was also necessary that the report of their estimate should be approved by the council, before any petition could be filed or action taken in the matter in the county court. This was not done. Also, whether such estimate of the cost of the improvement was necessary or not, it was necessary that there should be an order of the council for the filing of the petition in the county court, before that court assumed jurisdiction in the matter. But there was none.

If an estimate of the cost of the improvement after the adoption of the ordinance was necessary, and the proper way to determine the amount of the tax to be apportioned, then the estimate should be limited to the improvement ordered, which was not done in this case. Cities act, art. 9, sec. 19; *Levy* v. *Chicago*, 113 Ill. 650; *Sterling* v. *Galt*, 117 id. 16; *Kankakee* v. *Potter*, 119 id. 324; *Foss* v. *Chicago*, 56 id. 354; *Railroad Co.* v. *Chicago*, id. 454; *Follansbee* v. *Chicago*, 62 id. 288.

The improvement, by paving, of streets, one of which is ten feet wider than the rest, to be paid for by special taxation, can not legally be provided for in one and the same ordinance.

The court below improperly admitted in evidence, against the objection of the county, certain records and papers. These were: First, the paper on the fourth page, of which there purported to be an order approving the report of the commissioners appointed to make an estimate of cost; second, the proceedings of the city council, at its special meeting, held October 25, 1887, and the call for the meeting; and third, the paper written by the city clerk and pasted in the journal.

Mr. J. SIBLEY, for the appellee:

The objection that the ordinance passed by the city council of Quincy, June 6, 1887, is void, because it did not fix the cost of the proposed improvement, or furnish any sufficient data from which the commissioners appointed by the county court to assess and apportion the special tax against the property contiguous to and touching on the line of the contemplated improvement, is not well taken. *White* v. *People,* 94 Ill. 604; *Craw* v. *Tolono,* 96 id. 255; *Enos* v. *Springfield,* 113 id. 65; *Galesburg* v. *Searles,* 114 id. 217; *Watson* v. *Chicago,* 115 id. 78; *Sterling* v. *Galt,* 117 id. 11; *Kankakee* v. *Potter,* 119 id. 324; *Springfield* v. *Green,* 120 id. 269; *Springfield* v. *Mathus,* 124 id. 88; *Wilbur* v. *Springfield,* 123 id. 395.

The ordinance is not void on the ground that it embraces more than one improvement, nor because Broadway street is a few feet wider than Hampshire or Sixth street. The improvement contemplated, although portions of these streets are included in the ordinance, evidently was intended as but one single improvement. *Prout* v. *People,* 83 Ill. 155; *People* v. *Sherman,* id. 167; *Ricketts* v. *Hyde Park,* 85 id. 110; *Wilbur* v. *Springfield,* 123 id. 395; *Springfield* v. *Green,* 120 id. 269; *Murphy* v. *Peoria,* 119 id. 509; *Springfield* v. *Mathus,* 124 id. 88.

The ordinance does sufficiently describe the nature, character and locality of the improvement. *Lake* v. *Decatur*, 91 Ill. 596; *People* v. *Sherman*, 83 id. 165; *Levy* v. *Chicago*, 113 id. 650; *Railway Co.* v. *Jacksonville*, 114 id. 562.

The objection that the report of the commissioners appointed by the city council to estimate the cost of the improvement was never approved by the city council, is not sustained by the evidence in the case. It was shown by the paper read in evidence on the trial, taken from the files in the office of the city clerk, that the city council, at its meeting July 5, 1887, did approve of this report, though the approval was not at the time entered upon the journals of the proceedings. If this was not sufficient, the city council had, like any other legislative body, the right to order its journal amended according to the fact, at a meeting of October 25, 1887, even after the trial had commenced. *Turley* v. *County of Logan*, 17 Ill. 151; *Logansport* v. *Crockett*, 64 Ind. 319; *McCormick* v. *Bay City*, 23 Mich. 457; *Commissioners* v. *Hearn*, 59 Ala. 371; *Stow* v. *Burlington*, 45 Iowa, 87; Dillon on Mun. Corp. secs. 231, 234, note 1.

The objection that the appellant's property is exempt from the special tax, in this proceeding, rests upon no solid foundation, in principle or reason. The exemption applies only to general taxation, and not to special taxation for local improvements. *Canal Trustees* v. *Chicago*, 12 Ill. 403; *Higgins* v. *Chicago*, 18 id. 276; *Trustees* v. *Free Church*, 20 id. 423; *Chicago* v. *Colby*, id. 614; *Mix* v. *Ross*, 57 id. 121; *Peoria* v. *Kidder*, 26 id. 352; *Scammon* v. *Chicago*, 42 id. 192; *Wright* v. *Chicago*, 46 id. 44; *Cook County* v. *Chicago*, 103 id. 646; 11 Johns. 77; *Cemetery* v. *Buffalo*, 46 N. Y. 506; *Rosevelt Hospital* v. *Mayor*, 84 id. 108; *Seamen's Society* v. *Mayor*, 116 Mass. 181; *Sheehan* v. *Hospital*, 50 Mo. 155; *First Presbyterian Church* v. *Fort Wayne*, 36 Ind. 338; *Bridgeport* v. *Railroad Co.* 36 Conn. 255; *Brightman* v. *Kenman*, 22 Wis. 54; *Duluth Bridge Co.* v. *Dubuque*, 32 Iowa, 427; *Sioux City* v. *School District*, 55 id.

150; *Northern Liberties* v. *St. John's Church*, 13 Pa. St. 104; *Patterson* v. *Society*, 4 Zabr. 385; *State* v. *Newark*, 35 N. J. 157; *State* v. *Newark*, 3 Dutcher, 185; *Baltimore* v. *Cemetery Co.* 7 Md. 517; *Lefever* v. *Mayor*, 2 Mich. 586; Cooley's Const. Lim. 207; note 3.

The position assumed, that although the county property is not exempt from special assessments for local improvements, yet it is exempt from special taxation for that purpose, is not tenable, as it makes a distinction without any difference,—for the proceeding by special assessment is nothing less than a tax of a peculiar nature. *People* v. *Mayor*, 4 N. Y. 419; *Nichols* v. *Bridgeport*, 23 Conn. 207; *Matter of Van Antwerp*, 55 N. Y. 261; *Matter of St. Joseph Asylum*, 69 id. 353; *Rosevelt Hospital* v. *Mayor*, 84 id. 108; *Bridgeport* v. *Railroad Co.* 36 Conn. 255; *State* v. *St. Louis*, 62 Mo. 244; *Baltimore* v. *Cemetery Co.* 7 Md. 517; *State* v. *Newark*, 35 N. J. 157; *Weeks* v. *Milwaukee*, 10 Wis. 186; *Seamen's Society* v. *Mayor*, 116 Mass. 181; *Palmer* v. *Stumph*, 29 Ind. 329; *Railroad Co.* v. *Connelly*, 10 Ohio St. 160; Cooley's Const. Lim. 606, 650; Dillon on Mun. Corp. (3d ed.) sec. 777.

Mr. T. B. PAPE, City Attorney, also for the appellee:

Laws for the exemption of property from taxation are strictly construed. *Hoge* v. *Railroad Co.* 99 U. S. 348; Cooley on Taxation, 205, 206; *Tax Appeal Court* v. *Rice*, 50 Md. 302; *Miller* v. *Commonwealth*, 27 Gratt. 110; *South Bend* v. *University*, 69 Ind. 344; *Cook County* v. *Chicago*, 103 Ill. 646.

As to the distinction between a general tax and a special tax for a local improvement, see *Craw* v. *Tolono*, 96 Ill. 255; *Brooks* v. *Baltimore*, 48 Md. 265; *Seamen's Society* v. *Mayor*, 116 Mass. 181; *Lefever* v. *Mayor*, 2 Mich. 587; *Sioux City* v. *School District*, 55 Iowa, 151; *People* v. *Auditor*, 46 Ill. 384; *Murphy* v. *People*, 120 id. 234; *Cook County* v. *Chicago*, 103 id. 646.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

The city of Quincy made application to the county court of Adams county for an order confirming the report of commissioners appointed to levy a special tax upon lots, parts of lots and tracts of land contiguous to and touching upon the line of certain streets proposed to be paved, in accordance with an ordinance of the city. The county of Adams owns a block in the city, bounded partly by the street ordered to be improved, upon which block is situated the court house of the county. This block was assessed its proportionate share of the cost of the proposed improvement, according to its frontage upon the streets to be improved. The county appeared and filed various objections to the report, all of which were overruled, and judgment of confirmation entered. The county brings the case to this court by appeal, and assigns for error the overruling of such objections, and the rendition of the judgment.

The principal point urged upon our attention is, that the property, being the property of the county, and used solely for public purposes, is exempt from taxation. All public buildings belonging to any county are, by the statute, in terms, exempted from taxation. (Rev. Stat. chap. 120, sec. 2.) That the property here sought to be charged with the cost of this local improvement is exempted by the statute from general taxation, there can be no question; but does this exemption extend to and embrace special taxation of contiguous property to defray the expenses of such local improvement?

This court has repeatedly held that special assessments for local improvements are not taxes, in the strict sense of that term, and that property held for a public use is not exempt from such assessment, although exempt from taxation for general purposes. (See *Canal Trustees* v. *Chicago,* 12 Ill. 403; *Higgins* v. *Chicago,* 18 id. 276; *Chicago* v. *Colby,* 20 id. 614; *Peoria* v. *Kidder,* 26 id. 351; *Scammon* v. *Chicago,* 42 id. 192; *Wright* v. *Chicago,* 46 id. 44; *Mix* v. *Ross,* 57 id. 121.) And

that other property exempted by statute from general taxation, such as church property, etc., may be specially assessed for local improvements. *Ottawa* v. *Trustees*, 20 Ill. 423; *Cook County* v. *Chicago*, 103 id. 646; *McLean County* v. *Bloomington*, 106 id. 209. See, also, *Boston Seaman Society* v. *Mayor*, 116 Mass. 181.

Section 5, of article 9, of the constitution of 1848, provided that "the corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes, such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same." A tax for the opening or improvement of a public street, or other local improvement, may be said to be a tax for a corporate purpose, and while this clause of the constitution authorized the legislature to invest municipal corporate authorities with power to assess and collect taxes for corporate purposes, that power was limited and restricted in this, that such taxes must be uniform in respect of persons and property. This prohibited the levy of special assessments upon property to be benefited by the proposed improvement, when it would have to bear more than its proportionate share of the burden. It is plain that under this provision, special assessments imposing unequal burdens upon property could not be sustained, under the power of taxation given by the clause of the constitution quoted. This court, however, sustained the power of cities and villages to make local improvements by special assessments, referring such power to the exercise of the right of eminent domain. (*Chicago* v. *Larned*, 34 Ill. 276.) In that case this court said: "Entertaining no doubt that this grant of power to the city council is against the fundamental law regulating the subject of taxation, we are compelled, by a sense of our own duty, so to declare, and to hold an assessment for improvement made on the basis of the frontage of the lots upon the street to be improved, invalid, as containing neither

the element of equality nor uniformity, if assessed under the taxing power; and if in exercise of the right of eminent domain, equally invalid, no compensation whatever being provided or even contemplated by the charter." Ibid. 282.

Charters conferring powers to levy special assessments for local public improvements by cities and villages for special benefits thereby conferred, were sustained and the power held to be properly exercised under the right of eminent domain. In that view, the assessment upon a lot was not regarded as a burden or tax, in the strict sense, for the reason that the owner would receive benefits at least equal to the sum levied or assessed upon his property. Hence we find, in many cases arising under the old constitution, the statement that special assessments are not taxes, etc. It is apparent that to have held them to be taxes would have been to deny their validity. As the constitution of 1848 did not require that the compensation for property taken for public use should be in money, the power to levy special assessments on contiguous property equal to the benefit conferred by the improvement, might well be referred to the power of eminent domain, and thereby sustain the constitutionality of laws authorizing such levies and assessments. Under the present constitution, property taken for public use can not be compensated for in benefits. Benefits are only allowed as a set-off, or reduction of damages, to such parts of the property as are not taken. In cases where benefits are sought to be charged, the land owner must appear to be entitled to damages, otherwise he can not be charged with benefits. Here, the county is claiming no damage of the city, and therefore it can not be charged with benefits. It follows, therefore, that since the adoption of the present constitution the power to make special assessments for local improvements can not be referred to and sustained under the right of eminent domain.

Under the present constitution, special assessment for local improvements must be regarded as a species of taxation. In

2 Dillon on Mun. Corp. (3d ed.) sec. 735, the author says: "And it is, as we shall presently see, by virtue of a branch of this great power (of taxation) that local assessments upon property specially benefited, or legislatively declared to be specially benefited, are imposed, in order to pay the expense of making local improvements of a public nature within the municipality, adjoining or near the property assessed."

The constitution of 1870 (art. 9, sec. 9,) provides, that "the General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." This clause of the constitution is radically different from the clause in the constitution of 1848, relating to the same subject matter, and hereinbefore quoted, and under which the former rulings referred to arose. As to such special taxation of contiguous property for local improvements there is, in the present constitution, no limitation as to equality and uniformity, while for all other municipal purposes taxation is required to be uniform in respect to persons and property, as was provided in the prior constitution. Taxation for general corporate purposes must therefore be uniform, while for local improvements it may be by special tax or by way of special assessment upon the contiguous property. Thus such special assessments are clearly recognized as a mode of municipal taxation.

In the case of *County of McLean* v. *Bloomington, supra,* this court says: "The distinction between taxation and special assessment is clearly made in the constitution, (secs. 1, 5, 9, art. 9,) and while providing that the General Assembly may exempt the property of the State, counties and other municipal corporations from the former, (sec. 3, *supra,*) makes no

such provision in regard to the latter, but on the contrary, by section 9, *supra,* authorizes the General Assembly to 'vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessments,'—clearly recognizing special assessments, without any restriction as to the property to be assessed." What is there said is equally applicable in respect to special taxation for local improvements. (See *White* v. *The People,* 94 Ill. 612; Rev. Stat. chap. 24, art. 8, sec 5.) So in *Illinois Central Railroad Co.* v. *City of Decatur,* 126 Ill. 92, it was expressly ruled that the exemption of the Illinois Central railroad from taxation had no application to special assessment of contiguous property imposed by the city for local improvements.

Under this grant of power (sec. 9, art. 9,) the legislature may authorize local public improvements to be made by special assessments to the extent the property assessed will be benefited, or by special taxation of contiguous property according to its frontage upon the proposed improvement or according to its value, or by general taxation for corporate purposes, or partly by general taxation and partly by special assessment or special taxation. Either one of these modes involves taxation, either general or special. (*White* v. *People,* 94 Ill. 617.) The levy of such local assessment or special tax is not a taking of private property for public use under the right of eminent domain, but is an exercise of the taxing power. (2 Dillon on Mun. Corp. sec. 596; *Allen* v. *Drew,* 44 Vt. 175.) It is true that special taxation differs, in some respects, from special assessments, when made for the purposes of local improvement; but both are placed by the constitution in the same category and class. They are both treated as a species of taxation for corporate purposes.

The question, however, remains, whether the legislature, in the exercise of the power, has exempted the property held for county purposes from either special assessments or special taxation for local improvements. On this subject it is said

by Dillon (2 Mun. Corp. secs. 776, 777): "As the burden of taxation ought to fall equally on all, statutes exempting persons or property are construed with strictness, and the exemption should be denied unless so clearly granted as to be free from fair doubt. Such statutes will be construed most strongly against those claiming the exemption. Although an 'assessment' is in the nature of a tax, and is authorized by or is a branch of the taxing power, yet a general statute exempting certain property (as, for example, churches,) from taxation by any law of the State, does not exempt it from liability for a street assessment. So the exemption of property of a cemetery company from 'any tax or public imposition whatever,' does not exempt it from a paving tax for improving a street in front of the property, the court, in an opinion elaborately examining the subject, holding that the intent of the legislature was to exempt the property from all taxes or imposition for the purpose of revenue, but not to exonerate it from charges inseparably incident to its location with respect to other property." See, also, *Trustees* v. *McConnel,* 12 Ill. 138; *University* v. *People,* 80 id. 333; *Mayor* v. *Brooklyn,* 4 Coms. 419; *Sharp* v. *Spear,* 4 Hill, 76; *In re M. E. Church,* 66 N. Y. 395; *Boston Society* v. *Boston,* 116 Mass. 181; *Buffalo City Cemetery* v. *Buffalo,* 46 N. Y. 503; *Ottawa* v. *Spencer,* 40 Ill. 211; *McLean County* v. *Bloomington, supra; People* v. *Western Society,* 87 Ill. 246.

The statute relied on as creating the exemption is not found in the law authorizing special taxation, but in the chapter relating to the general subject of revenue; and while all are parts of the same revision, it was, we have no doubt, intended to apply to taxation for general revenue. The tax sought to be collected in this case is for a special purpose,—the improvement of certain parts of certain streets within the city, upon which the particular property abuts. If collected it will form no part of the general revenue of the city. If the legislature had intended to exempt property used for public purposes from

special taxation or assessment, very different language, it seems to us, would have been employed, so as to exclude all doubt upon the subject. The city authorities have determined that the property of the county will be benefited by the special tax levy,—at least they have exercised a power clearly delegated by the legislature, and that is conclusive, in the absence of fraud or abuse of the power thus vested in them.

We are of opinion that the property of the county is liable to special taxation, as other property, and that there is no warrant for the exemption claimed. This disposes of the principal question, but various minor objections are urged to the proceeding and to the legality of most of the steps taken to make and confirm this assessment, some of which will be noticed.

The legislature, under ample constitutional authority, have, by section 1 of article 9 of the Cities and Village act, vested the corporate authorities of cities and villages "with power to make local improvements by special assessment or by special taxation, or both, of contiguous property, or general taxation, or otherwise, as they shall by ordinance prescribe." This power must be exercised by the passage of an ordinance prescribing the mode to be pursued, and whether the improvement shall be made by special assessment or by special taxation of contiguous property, or general taxation, or both. The word "contiguous" is here used in its popular sense, and means, "in actual or close contact," "touching," "adjacent" or "near." If the improvement is of a street or sidewalk, contiguous property is such as abuts upon the street or sidewalk or is bounded by the street. When the ordinance provides that the improvement shall be made by general taxation, the cost thereof is added to the general appropriation bill of such city or village, and is to be levied and collected with, and as a part of, the general taxes of the city or village. When the local improvement is ordered to be made by special taxation, the method of its levy, assessment and collection is specially

pointed out in the act as being the same as prescribed for the making, levying and collection of special assessments. (Secs. 18 to 51.) The provisions relating to special assessments, so far as they may be applicable, are required to be observed in cases of special taxation. Section 19 of the act provides, that whenever such local improvements are to be made, wholly or in part, by special assessment, an ordinance shall be passed to that effect, specifying therein the nature, character, locality and description of such improvements. Provision is made by the 20th section for the appointment of a committee of the council or board of trustees, or three competent persons, to make an estimate of the cost of the improvement contemplated by the ordinance, including labor, material and all other expenses attending the same, and the cost of making and levying the assessment, who shall report the same in writing to the council or board of trustees. Upon approval of such report by the council or board of trustees, they may order a petition to be filed in the county court, etc. These several provisions are alike applicable to the proceeding by special assessment and by special taxation. It is manifest that in cases of special taxation the amount to be assessed against each particular tract or lot can be known only upon report of the cost of the improvement, etc., and must be ascertained and reported by the committee to the city council or board of trustees. The ordinance passed in this case specifies the nature, character, locality and description of the work fully and in sufficient detail. As said in *City of Kankakee* v. *Potter*, 119 Ill. 328: "It is not expected that an ordinance of this kind should set forth the details and all the particulars of the work. Indeed, this is not contemplated, and the statute requires nothing of the kind. A substantial compliance with these provisions is all that is required."

It was not necessary for the ordinance passed by the city to state the width of the streets to be paved, in order to enable the committee to estimate the cost of the proposed improve-

ment. The width of the street was a matter of easy ascertainment. The ordinance required the paving of the street, and can not, we think, be construed to require the paving of the then existing sidewalks. It was clearly not so understood by any of the city authorities or by anyone acting for them. We are of opinion that the ordinance was in this particular sufficiently definite and certain. See *Jacksonville Ry. Co.* v. *Jacksonville*, 114 Ill. 562.

It is said by appellant's counsel, that as one of the streets is ten feet wider than the rest, improvements to be paid for by special taxation can not legally be provided for in one and the same ordinance. In *City of Springfield* v. *Green*, 120 Ill. 269, it was held that an ordinance providing for the paving of several streets and alleys, and parts of streets, with the same material, and in the same way, is not obnoxious to the objection that it embraces more than one improvement, although there may be a difference in the width of the streets proposed to be paved, and the cost of paving certain railway tracks is excluded from the assessment in respect of some of said streets. We regard this, and the subsequent case of *Wilbur* v. *City of Springfield*, 123 Ill. 395, as determining the question here presented, adversely to the contention of counsel.

It is also said that the application to the county court was made before the city council had approved the report of the commissioners appointed by them to make an estimate of the cost of the proposed improvement. The petition to the county court showed that the city council had approved of the report of its committee, and there was evidence before that court tending to support this contention. This objection does not go to the merits, and we see no reason why the action of the city council in ordering the presentation of its petition to the county court was not of itself an approval of the action of the commissioners. However this may be, it was shown that the city council, at its meeting in July, 1887, approved said report. The right of the city council to amend the records of

its meetings, to make them accord with the fact, is not questioned, and it is shown that the record was amended by order of the city council so as to show a formal approval of the report made by the committee appointed by the council to levy said special tax, prior to the application to the county court.

Upon full consideration of the entire record and of the points made by counsel, we find no substantial objection to the proceedings, and no error for which the judgment should be reversed, and it will therefore be affirmed.

*Judgment affirmed.*