JOHN KENT et al., Appellees, v. CITY OF HARLAN et al., Appellants.

**MUNICIPAL CORPORATIONS:** Streets—Hitching Posts—Ingress
1 and Egress to Property—Nuisance. Hitching posts in public streets, while not a nuisance *per se*, may be such in fact. In instant case, *held*, hitching posts so placed as to interfere with the ingress and egress of parties to and from their private property were a nuisance and abatable by injunction.

*Appeal from Shelby District Court.*—HON. O. D. WHEELER, Judge.

Friday, April 9, 1915.

Action to enjoin a nuisance. It is brought against the defendant city and the mayor thereof by plaintiffs as property owners who claim to be injured in their property by the alleged nuisance, and this consists in the maintenance of a rack of hitching posts in front of such property.—*Affirmed.*

*E. S. White,* for appellees.

*Smith & Gunderson,* for appellants.

Evans, J.—The city of Harlan contains between 2,500 and 3,000 people. The city council authorized the construction of a row of hitching posts upon the east side of Eighth

1. Municipal Corporations: streets: hitching posts: ingress and egress to property: nuisance.

Street. This is a north and south street and is located one block west of the principal street and the public square. Hitching posts had been theretofore banished from the public square and the principal street. Other places were sought as suitable for such purpose, and Eighth Street was selected. This street has an ordinary width of 66 feet. On the east it abuts upon the property of the plaintiff Hudson. This property is a livery stable and is built up to the lot line. The row of posts runs parallel thereto and 18 feet therefrom. The plaintiff Hudson contends that it interferes with his ingress and egress to and from his barn. On the opposite side of the street, is the residence property of plaintiff Kent, who has an entrance to his property from this street near his north line. He contends that the use of the street for hitching post purposes will interfere with his ingress and egress to and from his lot. At the north and rear end of this lot, is a public alley extending east and west. He contends, also, that the use of the hitching posts will interfere with his use of this alley. West of the residence of Kent, is a residence owned by the plaintiff Allen, who complains of the obstruction to the common alley caused by the use of the hitching

posts. On the west side of the street, Kent's parking contains a number of shade trees. The distance from the hitching post line to these trees is 37 feet. A wagon equipped with a hayrack will occupy about 30 feet of that space. This would only leave 7 feet for a passage way. Manifestly, the travel going in different directions could not pass upon such a narrow strip. Manifestly, also, this would tend to interfere with the ingress and egress to and from the property of plaintiff Kent.

We have held that hitching posts upon a street authorized by the proper authorities are not a nuisance *per se*. *Lacy v. City of Oskaloosa*, 143 Iowa 704; *Smith v. Jefferson*, 161 Iowa 245.

It does not follow, however, that they may not be a nuisance in fact under the facts of a given case. If a nuisance in fact, no authority is conferred upon the city to maintain them as such.

Whether the maintenance of these hitching posts upon this street under the circumstances herein indicated amounts to a nuisance, and whether such nuisance injuriously affects the plaintiffs as distinguished from the public generally, are questions of fact. The trial court found in the affirmative upon both propositions. By agreement of the parties, the trial judge looked over the ground, which was obviously a considerable aid in the application of the evidence. The defendants put in evidence a photograph of the street and this is before us. This indicates a rather dilapidated street and lends some support to the contention of appellants' counsel, viz: "That the hitching racks if placed there will be an ornament and lend enchantment to the situation." The photograph, however, was doubtless taken without notice and was perhaps a surprise attack upon the locality. It shows some broken vehicles which the plaintiffs claim do not normally belong there. Be that as it may, we see no escape from the conclusion that this rack of hitching posts does interfere with the ingress and egress of the parties to and from their property, and espe-

cially so as to plaintiff Kent. We are disposed to place considerable reliance upon the findings of the trial judge, and especially so in view of his better advantage in the observation of the street and its surroundings. The decree entered below must therefore be—*Affirmed.*

DEEMER, C. J., SALINGER and PRESTON, JJ., concur.