JAMES CLOHECY *vs.* CITY OF HAVERHILL.

Essex.    December 14, 1937. — February 2, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Way*, Public: defect.

A stepping stone, which had been installed for many years above the curbing of a city sidewalk, properly was ruled not to be a defect under G. L. (Ter. Ed.) c. 84, § 15, notwithstanding a finding that it had "little, if any, use today."

TORT. Writ in the Central District Court of Northern Essex dated January 23, 1935.

The Appellate Division for the Northern District ordered dismissed a report by *Cavan*, J., who found for the defendant. The plaintiff appealed.

*S. H. Donnell*, (*S. J. Darivoff* with him,) for the plaintiff.

*F. H. Magison*, City Solicitor, for the defendant, submitted a brief.

COX, J. The plaintiff brings this appeal from the decision and order of the Appellate Division for the Northern District dismissing a report from the Central District Court of Northern Essex. The trial judge found that on February 17, 1934, at about 8:30 A.M., the plaintiff, while walking on the sidewalk of Emerson Street, a public way in the

city of Haverhill, tripped on a stepping stone and fell, receiving injuries. The sidewalk was about six feet wide. The stepping stone had a flat top surface measuring sixteen inches by twenty-one inches; it rose above the gutter nine and one half inches and four and three quarter inches above the top of the curbing of the sidewalk; it was set into the curbing so that its easterly side was flush with the inner curbing line. "It is the usual type and size of stepping stone. It has occupied its present site since the horse and buggy days. It has little, if any, use today." The judge also found that the plaintiff had not shown an actionable defect in the sidewalk, and found for the defendant. He gave the following request of the defendant for a ruling: "1. There is no evidence to warrant a finding that there was a defect in the way for which the defendant is liable." He denied certain requests of the plaintiff for rulings which become immaterial if he was right in ruling that there was no actionable defect.

A city is liable for injuries caused by "a defect or a want of repair . . . in or upon a way" which "might have been remedied by reasonable care and diligence on the part of the . . . city . . . ." G. L. (Ter. Ed.) c. 84, § 15. It is enough if the way is reasonably safe and convenient for travel. *Cannon* v. *Brookline,* 256 Mass. 468. Anything in the state or condition of the highway, which renders it unsafe or inconvenient for ordinary travel, is a defect or want of repair, but a city is not liable for every defect nor for every object which makes the highway unsafe or inconvenient for travellers. It must be a defect and one which makes the highway unsafe or inconvenient. *Barber* v. *Roxbury,* 11 Allen, 318, 320. *Gregoire* v. *Lowell,* 253 Mass. 119.

In the days when horses and carriages were in more common use, stepping stones and hitching posts, if structurally perfect, properly located and of reasonable size, were regarded not as unlawful obstructions on sidewalks but as necessary incidents to travel. *Wolff* v. *District of Columbia,* 196 U. S. 152. *Smith* v. *Jefferson,* 161 Iowa, 245, 251. *Kent* v. *Harlan,* 170 Iowa, 90, 92. *Dubois* v. *Kingston,* 102 N. Y. 219. *Robert* v. *Powell,* 168 N. Y. 411, 415. *Cincinnati* v.

*Fleischer,* 63 Ohio St. 229. The principle of these cases finds some recognition in the case of *Jones* v. *Boston,* 104 Mass. 75, where the decision in *Drake* v. *Lowell,* 13 Met. 292, was discussed. In the latter case an awning over the sidewalk was supported by posts at the edge of the sidewalk and the plaintiff recovered because of its defective condition. In its discussion in the *Jones* case the court said (page 77) that the decision in *Drake* v. *Lowell,* 13 Met. 292, did not appear to have been made upon the ground that the awning or posts upon which it was supported were of themselves obstructions in the street and therefore defects, rendering the city liable for whatever injury might happen by reason of their being there. "The awning . . . is a structure erected with reference, in part at least, to the use of the sidewalk as such. The structure itself, being adapted to the sidewalk, in some measure, as a part of its construction and arrangement for use as a sidewalk, a danger from its insecure condition may reasonably be treated as arising from a defective or unsafe condition of the sidewalk." See *Day* v. *Milford,* 5 Allen, 98; *Hixon* v. *Lowell,* 13 Gray, 59, 62; *Macomber* v. *Taunton,* 100 Mass. 255. And see *Heaney* v. *Colonial Filling Stations, Inc.* 262 Mass. 338, where a perpendicular drop or difference in grade of five and one half inches of a driveway which crossed the sidewalk was held to be no defect and the court said of it (page 342) that it was "incidental to the ordinary and common construction of ways for public travel." There is a long line of decisions in this Commonwealth holding that customary or not unusual differences in grade in highways and sidewalks are insufficient as a matter of law to constitute defects within the meaning of that term in G. L. (Ter. Ed.) c. 84, §§ 1, 15. *Raymond* v. *Lowell,* 6 Cush. 524. *Burke* v. *Haverhill,* 187 Mass. 65. *Heaney* v. *Colonial Filling Stations, Inc.* 262 Mass. 338. *Gustat* v. *Everett,* 278 Mass. 1. *Zacharer* v. *Wakefield,* 291 Mass. 90. *Abrahams* v. *Zisman,* 293 Mass. 375.

The stepping stone in the case at bar was of the usual type and size and, there being no evidence that it was improperly located or out of repair, the case is distinguishable from situations where this court has held that sidewalks or

streets with abrupt and unusual projections or depressions could not properly be ruled reasonably safe for travel as a matter of law. *Howe* v. *Marlborough,* 204 Mass. 26. *George* v. *Malden,* 274 Mass. 606. *Duffy* v. *Boston,* 275 Mass. 13. *Eaton* v. *Springfield,* 277 Mass. 128. *Sears* v. *Greenfield,* 287 Mass. 445. *Smith* v. *Fall River,* 295 Mass. 88. *Adams* v. *Bolton,* 297 Mass. 459.

We have examined the cases cited by the plaintiff on the question whether the stepping stone was a defect in and of itself, and without attempting to discuss each one we think they are distinguishable.

The plaintiff asks us to say, even if the stone was not a defect when placed, that, "as it is not incidental to the public travel as it is constituted today," it has become one. It is common knowledge that Haverhill is a city of considerable population and also that it is surrounded by a large territory which is mostly rural. *Doyle* v. *Goldberg,* 294 Mass. 105. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, 197. It does not appear from the record that the owner of the abutting premises has indicated an abandonment of the stone or that there has been any change in the character and use of those premises. *Gustat* v. *Everett,* 278 Mass. 1. The judge's findings do not go so far as to say that the stone serves no present useful purpose. We recognize the force and effect of lapse of time and changing or changed conditions. If the use of this stepping stone in Haverhill has been reduced to a minimum, it still cannot be said that it may not serve a useful and legal purpose for travellers whether in carriages or in motor vehicles. *Gustat* v. *Everett,* 278 Mass. 1.

The result is that the ruling was right that there was "no evidence to warrant a finding that there was a defect in the way for which the defendant is liable" and that for this reason the plaintiff was not harmed by the denial of his requests for rulings.

*Order of Appellate Division dismissing report affirmed.*